### No. 11.

### Succession of W. R. Cox. On Rule of Miss S. S. Cox.

Succession property, seized under executory process, was sold by order of the Probate Court pending an Injunction taken by the Administrator against the seizing creditor. The purchaser at the probate sale deposited the price, by agreement, subject to the decision of the Injunction suit. That suit was decided in favor of the seizing creditor and the Probate sale declared null. Whereupon the Administrator claimed to keep the price deposited by the evicted purchaser, in compensation for the rent and enjoyment of the property, on the ground that he was a *purchaser in bad faith.*

Held, that this pretension is unwarranted, because the claim for rent is unliquidated and cannot be urged against a deposit; that the rent, if any is due, belongs to the seizing creditor ; and that the vendor, who failed to make a valid title to his vendee, cannot treat him, in law or in equity, as a purchaser in bad faith.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

J. H. Shepherd and Land & Land for Plaintiff and Appellee.

First—The claim of defendant in rule is not *liquidated*, and therefore can-

Succession of Cox.

not compensate that of plaintiff, which is certain and admitted. C. C. 2209 ; 9 A. 189.

Second—Plaintiff claims a deposit entrusted to defendant by a *confidential* contract, and compensation is not permissible. C. C. 2956 ; 1 M. 347 ; 3 A. 514: 7 A. 53 ; 12 A. 257 ; 6 A. 40, 207.

Third—Plaintiff is not liable for rents of the property purchased by her, except from the date the succession of Cox, her vendor, restores or tenders to her the price paid, which is a condition precedent. 3 M. 169.

Fourth—If liable, as a *trespasser*, to pay rents, the same are due to the seizing creditor, who, if not paid by the sale of the property, may bring a direct action against the tenant. 5 A. 300.

Hicks & Hicks for Defendant and Appellant.

First—The plaintiff held possession of immovable property of the succession in bad faith, and owes the fruits produced during her possession :

1. Because she purchased and held possession of the property under a sale ordered by the Probate Court, during the pendency of an injunction, since dissolved, of the sale ordered by the District Court.

2. Because she held possession of the property with full knowledge of the defects in the title. C. C. 501, 502, 503, 3451, 3453, 2301 ; 26 A. 733-4.

3. Because she took and held possession of the property as purchaser under an order of sale granted by a court without jurisdiction. 6 R. 110, 111 ; see 32 A. 246.

Second—The fruits produced by the thing belong to its owner, and after his death, the administrator of his succession must account for them, unless they were gathered or produced while the thing was under seizure. The seizure made in the proceeding, No. 9760, was lost by the probate sale of the property seized, and delivery of possession of the property to the purchaser, Miss Cox, by the sheriff, as auctioneer, and the fruits produced, while the property was in her possession, can only be collected by the administrator. C. C. 501, 1147, 1049, 466 ; 23 A. 584 ; 7 A. 665 ; 11 A. 762 ; 6 R. 102-3 ; C. C. 466 ; C. P. 656, 658 ; 5 A. 302 ; 26 A. 360 ; 19 A. 521 ; 1 R. 542 ; 11 R. 182 ; 2 L. 280 ; 5 A. 300 ; C. C. 2669, 2670.

Third—The succession was the owner of the thing till it was adjudicated in the proceeding, No. 9760, and the administrator may collect the fruits produced by it if it were under seizure, no other person having attempted to collect them. C. P. 663 ; C. C. 491 ; 5 A. 300 ; 2 A. 925 ; 4 A.

Fourth—The fruits may be recovered by the plea in compensation.  31 A. 373–4.  She must account for the fruits she might have made.  6 R. 467.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  It appears from the pleadings and the evidence that after certain mortgaged real estate, belonging to this estate, had been ordered to be seized and sold by a District Court, and, after the sale thereof had been enjoined by the administrator, the Probate Court, on application made by the latter, ordered the sale of the same and other property, composing the succession of the deceased.

At that sale the plaintiff in this proceeding became the adjudicatee of the real estate in question for $4000, which was, by consent, specially deposited to await the decision of the injunction suit and was not to be withdrawn without the formal consent of the adjudicatee.

Pending the appeal, an account was filed by the administrator in which this amount was placed to the credit of the succession.  By consent, the taxes and the privileged debts due by the succession were paid out of this fund ; $1874 of which only, still remain on deposit.

In the case of Lamorere vs. Succession of Cox, 32 A. 246, the Supreme Court held, that the injunction sued out by the administrator was unwarranted, and that the order of sale made by the Probate Court was a nullity.  The property, on being again offered for sale, was adjudicated to another person and the adjudicatee at the Probate sale was evicted from it.

The present proceeding was instituted to compel a return by the succession representatives, of the balance on hand, to this adjudicatee.

He resists the demand, claiming that the adjudicatee, *being a purchaser in bad faith,* ow s rents for the occupancy and enjoyment of the property and insists that the amount alleged to be thus due is chargeable to that fund.

A suit is now pending for the same purpose between the seizing creditor and the sheriff on one side, and the adjudicatee at the probate sale on the other.

It is clear that the resistance of the administrator is unwarranted, not only because the amount claimed is unliquidated and not of equal dignity, and cannot be urged against a deposit, but specially, because if any rent be due, the succession representative has no standing in court to claim the same.  That right, if any such exist, can be exercised by the unsatisfied seizing creditor only.

We have not been informed, and we are at a loss to conceive on what principle of law or justice a vendor, who has received and enjoyed and who has failed to return the price of property assumed to be sold by him,

to which he had made no valid title, and from which his vendee is afterwards judicially evicted contradictorily with him, can claim from the latter the value of the occupancy of the property, to which the title, made by him, was subsequently invalidated.

The authorities applicable to the views which we take of the case are ample and unquestionable. 9 A. 189 ; C. C. 2956 ; 1 M. 347 ; 3 A. 514 ; 7 A. 53 ; 12 A. 257 ; 32 A. 590 ; 6 R. 100 ; 3 M. 169.

It is therefore ordered that the judgment of the lower court be affirmed with costs.