(63 South. 899.)

No. 20,191.

STATE v. PAYNE.

(Dec. 1, 1913.  Rehearing Denied Jan. 5, 1914.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS (§ 242*)—PROSECUTION—SENTENCE.

A person who has been convicted of selling liquor without a license may be sentenced, for that offense, in the first alternative, under Act No. 66 of 1902, to pay a fine of not less than $100, nor more than $500, and, in default of payment of fine and costs (under said act, construed with Rev. St. § 980), to imprisonment not exceeding one year; or, in the second alternative, he may be sentenced, for the offense charged, to fine and imprisonment, as the court may deem proper, which grant of discretion to the court, construed, as it must be, with the preceding clause in the same (grammatical) sentence fixing the maximum and minimum fine for said offense, and with Rev. St. § 982, declaring that, in such cases, the term of imprisonment shall not exceed two years, authorizes the court to impose a sentence of fine not less than $100 nor more than $500, and imprisonment, not exceeding two years, in addition to which (again under Rev. St. § 980), it is competent for the court, in default of payment or recovery of the fine and costs, included in the sentence of fine and imprisonment, to impose a sentence of imprisonment for a period not exceeding one year.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 356–361; Dec. Dig. § 242.*]

2. INTOXICATING LIQUORS (§ 242*)—CRIMINAL PROSECUTION—SENTENCE.

But Rev. St. § 980, cannot be invoked as authority for the imposition of any sentence for the selling of liquor without a license, or for anything with which an accused person or a convict may be charged, save default in the payment of fine and costs which he has been adjudged to pay, and which the state has not recovered.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 356–361; Dec. Dig. § 242.*]

Appeal from First Judicial District Court, Parish of Caddo; John A. Land, Judge.

Robert Payne was convicted of selling liquor without a license, and appeals. Affirmed.

Scheen & Blanchard, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of Donaldsonville, of counsel), for the State.

Statement of the Case.

MONROE, J.  Defendant was charged with retailing spirituous and intoxicating liquors without a license, and he prosecutes this appeal from his conviction and sentence.

The transcript discloses a bill of exception reserved to the overruling of a motion in arrest of judgment, and another to a motion to vacate the sentence. They present the same question and will be considered together.

In the motion in arrest, it is alleged: (1) That Act No. 66, of 1902, contravenes article 155 of the Constitution; but this court has, several times, held that it does not; and, as that ground is not referred to in the brief filed on behalf of defendant, we assume that it has been abandoned. (2) That said act is inoperative, for the reason that it affixes no certain penalty to the offense denounced by it. (3) In the alternative, that the utmost penalty that can legally be imposed under its authority is a fine of not less than $100 nor more than $500, and imprisonment at the discretion of the court (limited to one year), in default of payment of the fine. (4) That any sentence imposed under said act would deprive defendant of his liberty, without due process of law, in violation of the Constitution, etc. The trial judge overruled the motion and imposed sentence, and defendant moved to vacate the sentence, on the ground that it exceeds the penalty fixed by law, and for the other reasons set out in the motion in arrest, which motion was also overruled.

Act No. 66, of 1902, is entitled:

"An act to amend and re-enact section 910 of the Revised Statutes, as amended and re-enacted by Act No. 83, of 1886."

It reads, so far as it need be quoted for the purposes of this case, as follows:

"Section 1. * * * Section 910.  Whoever shall * * * retail spirituous or intoxicating liquors, without previously obtaining a license, * * * on conviction, shall be fined not less than $100 nor more than $500, and, in default

of payment of fine and costs, shall be imprisoned for a term within the discretion of the court, or, shall suffer fine and imprisonment, as the court may deem proper," etc.

Section 2 repeals all inconsistent or conflicting laws.

The sentence imposed upon the defendant in this case reads:

"It is considered by the court that you, Robert Payne, be sentenced to pay a fine of $500, and to serve 12 months on the public works of the parish, and [in] default to [of payment of] fine, 12 months additional," etc.

That the sentence, "to serve * * * on the public works of the parish" is, under other provisions of law, a competent sentence of imprisonment is not here disputed. In giving the reasons which determined his action in the premises, the learned trial judge, after quoting the pertinent provisions of the act of 1902, says:

"It is clear that the first clause of the penalty imposes, first, a fine of not less than $100 nor more than $500, and, in default of payment of fine and costs, 'shall be imprisoned for a term within the discretion of the court,' which is a year. Section 980 of the Revised Statutes of 1870 provides that: 'Every person, being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year.' The second clause of the penalty, 'or, shall suffer fine *and imprisonment,* as the court may deem proper,' has no reference whatever to section 982 of the Revised Statutes of 1870, which provides that: 'Whenever the penalty of fine and imprisonment are left by law at the discretion of any court, the fine shall not exceed $1,000, nor the imprisonment two years.'

"If the Legislature had intended to leave to the discretion of the court the fine and imprisonment, in this case, as fixed under section 982, it would not have limited the minimum of the fine to $100 and the maximum of the fine to $500, for the minimum fine, under section 982, may be one cent, while the maximum fine is $1,000. The Legislature evidently considered the minimum fine, under section 982, as too small and the maximum fine as too large for the first offense; it, therefore, fixed the minimum at not less than $100 and the maximum at not more than $1,000. The Legislature likewise thought the punishment, not exceeding two years, as fixed in section 982 of the Revised Statutes, as too severe for the first offense, and therefore limited it to a period not exceeding one year, under section 980 of the Revised Statutes of 1870. The words, therefore, 'or, shall suffer fine and imprisonment, as the court may deem proper,' are restricted in meaning by the previous fine and term of imprisonment, fixed in the first clause of the penalty, thereby making the act a harmonious whole, reading as follows: 'On conviction, shall be fined not less than $100 nor more than $500 and, in default of payment of fine, shall be imprisoned for a period not exceeding one year, or, shall suffer fine of not less than $100 nor more than $500 and imprisonment for a period not exceeding one year.' The doctrine of noscitur a sociis is clearly applicable in this case to the construction to be placed on the general words, 'or, shall suffer fine and imprisonment as the court may deem proper,' as those general words follow restricted terms. If the Legislature had ever intended to impose a fine not to exceed $1,000, and an imprisonment not to exceed two years, the act, in the very first clause of the penalty, would not have restricted the fine and imprisonment, but would have declared, in general terms without any limitation whatever, 'on conviction, shall suffer fine or imprisonment, or both, at the discretion of the court,' as has been done by the General Assembly in sections 796, 799, and other sections of the Revised Statutes of 1870, and notably in section 932. This section clearly does not denounce a double imprisonment. It cannot be seriously argued that the Legislature, in enacting Act 66, of 1902, intended such an absurdity as fixing two penalties for violating the same statute. It never intended that the fine should be not less than $100 nor more than $500 if the party was not imprisoned, and not less than one cent nor more than $1,000 if he was both fined and imprisoned. It never intended that the imprisonment should not exceed one year, if the fine was not paid, but, when the party was both fined and imprisoned, that it should not exceed two years. To construe the statute as imposing a fine of not less than $100 nor more than $500, and imprisonment not exceeding one year, or both, makes the statute prevail, as it should under the doctrine, 'Ut res magis valeat quam pereat.'"

We concur in the conclusion reached by our learned Brother, that the law authorizes the sentence of which plaintiff complains, but we reach that conclusion by a somewhat different process of reasoning. We do not, at present, see how a general law, which declares that, "every person, being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year," can be invoked as authority for the imposition of a fine for selling intoxicating liquor without a license.

The act of 1902 provides alternative penalties, and leaves the trial judge to choose between them. In the first alternative, he *must* impose a fine, of "not less than $100 nor more than $500"; there being nothing left to his discretion, save a choice of the amount, between the maximum and minimum thus established. In default of payment or recovery of the fine, the convict must be sentenced, by the terms of the act, read in connection with Rev. St. § 980, to imprisonment for a term not exceeding one year; for, under the act, he may be imprisoned for a term within the discretion of the court, and under Rev. St. § 980:

"Every person, being adjudged to pay a fine, shall, in default of payment or recovery thereof, be imprisoned for a period not exceeding one year."

He cannot however, *in the first alternative*, be sentenced to any term of imprisonment *for selling liquor without a license*, for no such sentence is authorized, either by the act of 1902, or by Rev. St. § 980, or any other law. He can only be sentenced to pay a fine, and only in case of default of payment or recovery of the fine, can he be imprisoned. If, therefore, he pay the fine, he is entitled to his discharge; and if he defaults in such payment and the state fails to recover the fine, Rev. St. § 980, may be invoked, and he may be imprisoned, *for such default*, and in the event the state fails to recover the fine, not exceeding one year.

[1, 2] The learned judge did not, in this case, choose the first alternative, and the second alternative, which he did choose, authorized him to impose such sentence, of fine and imprisonment, as he might deem proper. In the exercise of the discretion thus vested in him, he sentenced the convict to pay a fine of $500 and to serve a term of 12 months in prison for selling liquor without a license— being the offense with which he is charged— to which he added the further sentence, and "in default of payment of fine, to serve 12 months additional." As there can be no such thing as unlimited discretion in a judge, in a matter involving the life, liberty, or property of a citizen, we find, as in the case of the first alternative, so in the second the lawmaker has established a limitation: First, as to the amount of fine, *for the offense charged* (i. e., selling liquor without a license), in the act of 1902, itself, which declares that the fine shall be not less than $100 nor more than $500, or otherwise in Rev. St. § 982, which declares that "whenever the punishment of fine and imprisonment are [sic] left by law at the discretion of any court, the fine shall not exceed $1,000 nor the imprisonment two years"; second, as to the term of imprisonment (for the offense charged), in R. S. 982; third, as to the penalty that must be added, for default in payment and failure to recover the fine, in R. S. 980, under which every *person, adjudged* to *pay a fine*, must *in default of payment or recovery thereof, be sentenced to be imprisoned,* not exceeding one year. It might, perhaps, be said that, as the act of 1902 authorizes "fine and imprisonment, as the court may deem proper," the amount of the fine to be imposed, like the term of imprisonment, is controlled by R. S. 982. If that were the case, the situation would be as follows: In the first alternative, a fine of $100 is the least that can be imposed, on payment of which amount the convict is discharged, and it is only in case of default in payment or recovery of the fine that a prison sentence can be imposed; in the second alternative, a penalty of apparently greater severity is intended, but, if it be referred to Rev. St. § 982, as a matter "left by law at the discretion of the court," the convict may escape with a lighter penalty than if sentenced in the first alternative, since Rev. St. § 982, fixes neither a minimum fine nor a minimum term of imprisonment. It appears improbable, therefore, that it was the legislative

intent, by adding an alternative and apparently severer penalty to that of the definite minimum, fine which had just been denounced in the first alternative, to leave the whole punishment of both fine and imprisonment within merely maximum limits, and hence, so far as certainty of any real punishment is concerned, wholly at the discretion of the court. We, therefore, agree with our learned Brother of the district court as to the applicability of the rule noscitur a sociis, to the extent that the Legislature, having, in the first alternative, fixed the amount of the fine to be imposed for selling liquor without a license, at *not less* than $100, and having, in the same (grammatical) sentence, prescribed a second alternative penalty in the words, "or, shall suffer fine and imprisonment, as the court may deem proper," must be presumed to have intended that the definite fine just before prescribed should be taken into account, as the fine to be imposed in such second alternative; and the same thing would be true in regard to the penalty of imprisonment, were it not for the fact that no penalty of imprisonment, for selling liquor without a license, had been prescribed, or is to be found elsewhere than in the second alternative, which must necessarily be referred to Rev. St. § 982, and not to Rev. St. § 980, for the reason that Rev. St. § 980, gives no authority for the imposition of a sentence for that offense, and Rev. St. § 982, which specifically provides for just such a case, cannot be ignored. All that can be done, therefore, is to give to the different provisions of law which bear upon the subject the effect to which they are respectively entitled, and, in so doing, we hold that, for the offense of which he was convicted, defendant might have been sentenced, in the first alternative, under Act No. 66 of 1902, to pay a fine of not less than $100 nor more than $500, and in default of payment or recovery of fine and costs under said act, construed with Rev. St. § 980, to be imprisoned for a period not exceeding one year; or, in the second alternative, he might have been sentenced, for the offense of which he was convicted, to fine and imprisonment, as the court might deem proper, which grant of discretion to the court, construed, as it must be, with the preceding clause in the same sentence (fixing the maximum and minimum fine for said offense), and with Rev. St. § 982 (declaring that, in such cases, the term of imprisonment shall not exceed two years), authorized the court to impose a sentence of fine of not less than $100 nor more than $500 and imprisonment for not more than two years, in addition to which it was competent for the court (again under Rev. St. § 980), in default in payment or recovery of the fine and costs included in the sentence of fine and imprisonment, to impose sentence of imprisonment not exceeding one year; but Rev. St. § 980, cannot be invoked as authority for the imposition of a prison sentence for selling liquor without a license, or for anything with which an accused person or a convict may be charged, save default in the payment of a fine and costs which he has been adjudged to pay, and which the state has not recovered.

Judgment affirmed.