O’NIELL, J.
The defendant was tried and convicted under a bill of information charging him with having practiced medicine without having obtained the certificate or license required by law. He was sentenced to pay a fine of $100 and costs, and to be confined in the parish prison 10 days, and, in default of the payment of the fine and costs, to be confined in the parish prison 60 days longer, subject to road work, as provided in Act 204 of 1908 and the ordinances of the police jury.
The only bill of exceptions is that which was taken to the refusal of the district judge to grant a new trial upon a motion which al *240 leged only that the evidence was not sufficient to warrant the conviction.
The state’s attorneys' have filed a motion to dismiss the appeal for want of jurisdiction ratione materias.
[1] Under article 85 of the Constitution, this court has jurisdiction in criminal cases only when the punishment of death or, imprisonment at hard labor may be inflicted or a fine exceeding $300 or imprisonment exceeding six months is actually imposed. The term, “imprisonment at hard labor,” used in the Constitution and statutes of this state, means imprisonment at hard labor in the state penitentiary. It does not mean imprisonment in the parish jail, subject to work on the public roads, bridges, or other public works. See State v. Gillan, 124 La. 1046, 50 South. 846, State v. Phelps, 132 La. 399, 61 South. 415, State v. Welsch, 119 La. 362, 44 South. 127, and Ex parte State ex rel. Collete, 106 La. 221, 30 South. 746.
[2] This court is without jurisdiction in this case.
The appeal is, therefore, dismissed.