(73 South. 240).

No. 22243.

STATE v. DUNN et al.

(Dec. 11, 1916.)

*(Syllabus by the Court.)*

**1.** INFANTS ⬡⟾16—MINORS — DELINQUENTS — PROCEEDINGS.

The only basis required by the Constitution for proceedings against a neglected or delinquent child in the juvenile court is an affidavit made before the clerk of that court, or before any committing magistrate, by any reputable person.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 16; Dec. Dig. ⬡⟾16.]

**2.** INFANTS ⬡⟾16—MINORS—APPELLATE JURISDICTION—QUESTIONS OF LAW AND FACT.

Appeals from the juvenile court are allowed to the Supreme Court, by the Constitution, only on questions of law.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 16; Dec. Dig. ⬡⟾16.]

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

Arthur Dunn and another were convicted of being delinquent children, and of having committed petty larceny, and appeal. Affirmed.

John W. Cary, of New Orleans, for appellants. A. V. Coco, Atty. Gen., Chandler C. Luzenberg, Dist. Atty., and Eugene Stanley, Asst. Dist. Atty., both of New Orleans (V. A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J. The defendants, appellants, being under the age of 17 years, were convicted of being delinquent children and of having committed petty larceny, and were committed indefinitely by the judge of the juvenile court to the city school for boys.

The district attorney filed a motion to dismiss their appeal, on the ground that it presents questions of fact and not of law. There are two reasons why the motion cannot prevail: First, because it was filed more than three days after the return day of the appeal; and, second, because it requires an examination of the bills of exception to determine whether they present questions of law or of fact, in the determination of which we will either affirm or reverse the judgment appealed from. The motion to dismiss the appeal is therefore overruled.

The appellants rely upon three bills of exception, viz.: (1) That the person who made the affidavit against them was not the owner of the goods alleged to have been stolen, and therefore had no interest in the prosecution: (2) that the state failed to prove the corpus delicti; and (3) that the state failed to identify one of the accused, Arthur Dunn, as one of the guilty parties.

[1] With regard to the first bill of exceptions, section 4, art. 118, of the Constitution, provides that all proceedings against neglected and delinquent children shall be by affidavit made by any reputable person. In the statement per curiam, the judge of the juvenile court says that the party who made the affidavit in this case was a reputable person. There is no merit whatever in the contention of the appellants' counsel that an affidavit, charging the crime of larceny, can only be made by the owner of the stolen goods, or that, in a criminal prosecution based on an affidavit, the party making the affidavit must have an interest in the prosecution.

[2] The corpus delicti, in the crime of larceny, is the fact that a theft was committed. In the statement per curiam, the judge declares that the fact was proven. Section 1, art. 118, of the Constitution, provides that appeals from the juvenile court shall be allowed on matters of law only. Whether the corpus delicti was or was not proven is a question of fact, of which this court has no jurisdiction in an appeal from the juvenile court. And that is true of the question whether the proof established, or failed to establish, the identity of the defendant Arthur Dunn as one of the guilty parties. In the statement per curiam, the judge of the

juvenile court declares that the proof did establish the identity of the defendant Arthur Dunn as one of the guilty parties.

The judgment appealed from is affirmed.