O'NIELL, J., being absent from the state, takes no part in the decision of the case.

---

(94 South. 896)

No. 25525.

### STATE v. McGUIRE.

(Nov. 27, 1922. Rehearing Denied Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬅1211—Sentence for possessing for beverage purposes as second offense held authorized.**

Under Act No. 39 of 1921 (Ex. Sess.) § 3, providing that one convicted of possessing intoxicating liquor for sale, etc., shall for a second or a subsequent offense be fined not less than $100 nor more than $1,000 and be imprisoned not less than 30 days nor more than 12 months, and that one convicted of any other violation may be fined as therein provided or imprisoned not exceeding the maximum limit or both fined and imprisoned, a sentence to pay a fine of $1,000 and serve 4 months in jail upon conviction for possessing liquor for beverage purposes as a second offense was authorized.

2. **Fines ⬅11—Provision of sentence for additional imprisonment in default of payment of fine held authorized.**

Under Rev. St. 1870, § 980, where defendant was sentenced to pay a fine of $1,000 and serve 4 months in jail, a provision that in default of payment of the fine and cost, he should serve 12 months additional in jail was authorized.

3. **Fines ⬅12—Sentence to work on public works held authorized.**

Under Act No. 204 of 1908, § 1, a sentence to pay a fine of $1,000 and to serve four months in jail and in default of payment of the fine and cost to serve 12 months additional, lawfully provided that defendant should be worked on the public works of the parish, this not being imprisonment at hard labor.

4. **Criminal law ⬅1213—Sentence to fine and imprisonment and work on public works not "cruel and unusual punishment."**

A sentence of fine and imprisonment, with a provision for work on the public works, for possessing intoxicating liquor for beverage purposes, was not cruel and unusual punishment within the state and federal Constitutions.

[Ed. Note—For other definitions, see Words and Phrases, First and Second Series, Cruel and Unusual Punishment.]

5. **Constitutional law ⬅83(2)—Sentence to work on public works of the parish does not violate Thirteenth Amendment.**

A sentence of fine and imprisonment for possessing intoxicating liquor for beverage purposes, providing that defendant should be worked on the public works of the parish, did not violate Const. U. S. Amend. 13, prohibiting slavery or involuntary servitude except as a punishment for crime.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

Homer McGuire was convicted of unlawfully having and possessing intoxicating liquor for beverage purposes, and he appeals. Affirmed.

W. U. Richardson, of Arcadia, for appellant.

A. V. Coco, Atty. Gen., and W. D. Goff, Dist. Atty., of Arcadia (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LAND, J. The information filed in this case charges that the defendant—

"on or about the 3d day of June, A. D. 1922, at and in the parish of Bienville, district and state aforesaid, did willfully and unlawfully have and possess intoxicating liquor for beverage purposes; and that this is the second offense of the said Homer McGuire in which he has been guilty of violating Act No. 39 of the Louisiana Legislature for the year 1921," etc.

The defendant was tried and convicted, and was sentenced to pay a fine of $1,000, and to serve four months in jail and to be worked on the public works, and, in default of payment of fine and cost, to serve 12 months additional in jail and to be worked on the public works; "this sentence to commence at the expiration and satisfaction of sentence that he is serving already."

We find no motion to quash, no motion in arrest, no motion for new trial, and no bill of exceptions in the record.

However, counsel for defendant has filed the following assignment of errors:

(1) "That the judge of the lower court erred in his sentence by imposing a fine of $1,000 and imprisonment for four months, and to work on the public roads of the parish, this being excessive and violative of the Constitution."

(2) "That the district judge erred in his sentence by inflicting the alternative punishment of sixteen months imprisonment and to work on the public roads or works of the parish. This being 'cruel and unusual punishment,' and forbidden by the state and federal Constitutions."

(3) "The district judge erred in imposing punishment provided for one convicted of 'a felony' on one convicted by him of a mere misdemeanor."

The penalty imposed by the district judge in this case was under section 3 of Act No. 39 of 1921 (Ex. Sess.), known as the Hood Act, and not under section 974 of the Revised Statutes of 1870, which provides that—

"The judge shall have the power to sentence any person * * * convicted for a *second or third offense to double and triple* the penalty imposed by law, and *for a fourth offense,* the person so convicted may be sentenced *to perpetual imprisonment.*" (Italics ours.)

[1] It is to be observed, in the first place, that section 3 of Act No. 39 of 1921 (Ex. Sess.) has not left the penalty to be imposed on conviction for a second or subsequent offense to be determined by section 974 of the Revised Statutes of 1870, but has expressly provided in said section its own penalty "for the second or subsequent offense," be it the third or the fourth. This penalty, while double the maximum fine of $500 for the first offense, is more than double the maximum imprisonment of 60 days, as the imprisonment for the second offense may be not "more than twelve months." This imprisonment of not "more than twelve months," or 365 days, is more than five times the maximum imprisonment of 60 days for the first offense. The minimum fine for the second or subsequent offense is fixed at not less than $100 and the minimum imprisonment at not less than 30 days. While both fine and imprisonment may be imposed under said section upon the possessor of intoxicating liquors for beverage purposes, at the discretion of the judge, yet a fine or imprisonment may be imposed either for a first, second, or subsequent offense; while, on the other hand, this section makes it the mandatory duty of the judge to inflict both fine and imprisonment for the first, second, or subsequent violation upon the possessor of intoxicating liquors for sale.

[2] With this distinction, there is no difference as to the penalties which may be imposed upon the possessor of intoxicating liq-

uors for sale and the possessor of such liquors for beverage purposes. It follows, therefore, that the fine of $1,000 and the imprisonment of four months, which defendant was sentenced to pay and to serve, are within the limits of section 3 of Act No. 39 of 1921 (Ex. Sess.). The computation of the sentence upon the basis of days does not enter into the case, as the term of imprisonment cannot exceed "twelve months" for the second offense, and a period of "four months" was actually imposed. The sentence of twelve months in the alternative was in default of payment of the fine, and was fully justified under section 980 of the Revised Statutes of 1870, which provide that—

"Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year." State v. Williamson et al., 133 La. 1052, 63 South. 515; State v. Boulanger, 134 La. 13, 63 South. 607; State v. Hollingsworth, 134 La. 555, 64 South. 409; State v. Payne, 134 La. 269, 63 South. 899.

[3] The sentence imposed in the first instance in this case was a fine of $1,000 and imprisonment for four months. The imprisonment, in default of payment of fine, was twelve months. Yet able counsel for the defendant refers to this sentence as "an alternative sentence for sixteen months," because the defendant was sentenced to work on the public works of the parish. This sentence was lawfully imposed under section 1 of Act No. 204 of 1908, providing for the working of persons sentenced to the parish jail, and was not imprisonment at hard labor. State v. Rigmaiden, 135 La. 237, 65 South. 229.

[4, 5] The sentence in this case is not excessive, as it is within the limits of Act No. 39 of 1921 (Ex. Sess.) and of section 980 of the Revised Statutes. The punishment is not "cruel and unusual" as it is inflicted by customary fine and imprisonment, and penal servitude. Nor does the sentence of defend-

ant to work on the public works of the parish of Bienville violate the Thirteenth Amendment to the federal Constitution, as such sentence is a punishment for crimes. Said article provides that—

"Neither slavery nor involuntary servitude, except as a punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

The judgment appealed from is therefore affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.