PROVO STY, O. J.
[1,2] After ^judgment of separation of property had been rendered between plaintiff and defendant (131 La. 2, 58 South. 1012), the parties were referred to a notary public for effecting a partition of the property of the community. Dispute arose over the return of a certain deposit which Gastauer, the husband, had made with the law firm of Woodville & Woodville, attorneys of defendant in the litigation then pending between defendant and plaintiff; and plaintiff took a rule on said firm to show cause why said firm should not pay over said deposit to the notary, to be partitioned. This rule was made absolute to the extent of ordering said firm to turn over to the notary the sum of $173.35; and in all other respects was dismissed. Plaintiff in rule appealed to the Court of Appeal. That court increased the amount thus to be returned to $234.90, with 5 per cent, per annum interest thereon from February 23, 1910. An application by plaintiff to this court for the review of said judgment was rejected; whereas a like application by defendant was entertained; and is the matter now to be considered. The reason assigned by this court for rejecting plaintiff’s said application was that this court found no error prejudicial to plaintiff in the judgment. The complaint of Woodville & Woodville, defendant in rule, is that said judgment is excessive; and that, moreover, it allows interest, whereas they, as depositaries, do not owe interest. The plaintiff in rule, Mrs. Gastauer, has filed a brief in which it is sought to have this court now pass a second time upon the matters included in her said application for writ of review. This we cannot do. However, while all question of the propriety of the payments made by Woodville & Woodville out of said deposit is thus eliminated, we may mention, in passing, that, the mere filing of .'the wife’s suit in separation of property, did not have the effect of putting this deposited fund in litigation so as to give rise to an exception to the rule established by articles 2949 and 2950 of the Code.
“Art. 2949. * * * .The depositary must restore the thing deposited only to him who delivered it, or in whose name the deposit was made, or who was pointed out to receive it.”
“Art. 2950. * * * He can not require him who made the deposit to prove that he was the owner of the thing. Yet if he discovers that the thing was stolen and who the owner of it is, he must give him notice of the deposit, requiring him to claim within due time. If the owner, having received due notice, neglects to claim the deposit, the depositary is fully exonerated on returning it to the person from whom he received it.”
Wbat would have been the legal situation if the fund had been specifically claimed as not belonging to the depositor, ’ or not sub *961 jeet to bis control, and knowledge of that fact had been brought to the depositaries — we need not undertake to say.
The evidence shows that the total amount received by Woodville & Woodville from or for Gastauer was $1,050, and that the total amount paid out, either to or for him, was $857.90, leaving a balance of $192.10 on deposit.
[3,4] The depositary owes interest only from the date of his default. Faucette v. City of N. O., 11 La. Ann. 199; C. C. 2948. The evidence shows that Woodville & Woodville were at all times willing and ready to pay the amount remaining due by them, but that the first request, made of them for the restoration of the fund was by the notary charged with the making of the partition, and that, the restoration would then have been made if disagreement had not arisen as to the amount due.' They, however, for preventing the running of interest, should have deposited then in the proper quarter, the amount recognized by them to be due. This they failed to do. At what date this demand was made, the record does not show. It could have been, however, only a few days before the filing of the rule upon them, which was on May 30, 1922. Interest will have to run from that date.
Under all the circumstances of this case the court, in the exercise of the discretion with which it is specially vested by law, will cast the costs upon Woodville & Woodville.
The judgment of the Court of Appeal is therefore reduced to $192.10, with 5 per cent, per annum interest thereon from May 30, 1922, and, as thus amended, is affirmed; the costs of this court on the present application for writ of review to be paid by Woodville & Woodville.
DAWKINS, J., dissents.
O’NIEDD, J., being absent from the state, takes no part in the decision of this case.