(100 South. 454)

No. 26397.

## STATE v. SHARP.

(May 5, 1924.)

*(Syllabus by Editorial Staff.)* .

Fines ⬅11—Sentence' imposing fine and imprisonment and additional imprisonment for failure to pay fine held authorized.

Under Act No. 39 of Extra Sess. 1921, § 3, authorizing fine of $500 and imprisonment for 60 days, or both, for offense of unlawfully transporting intoxicating liquor, and Rev. St., § 980, authorizing imprisonment for one year for default in payment of a fine, defendant convicted of unlawfully transporting intoxicating liquor *held* properly sentenced to 60 days' imprisonment, and fine of $500, and in default of payment of fine to one year's additional imprisonment.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Levi Sharp was convicted of unlawfully transporting intoxicating liquor, and he appeals. Affirmed.

Ponder & Ponder, of Amite, for appellant.

A. V. Coco, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. Defendant was indicted for unlawfully transporting intoxicating liq-

uors for beverage purposes, was tried, found guilty, and sentenced to 60 days in jail; to pay a fine of $500, and, in default of paying the fine, to one year additional in the parish jail.

Defendant complains in this court that Act '39, Extra Session of 1921—the act under which he was convicted—does not authorize the sentence imposed. His position is that the act does not sanction the imposition of a jail sentence exceeding 60 days for the offense for which he has been convicted, when the conviction is, as is the case here, for the first transgression of the statute.

The act under which defendant was convicted authorizes the imposition of a fine not exceeding $500, or incarceration in the parish jail for a period not exceeding 60 days, or both, in the discretion of the court, for the first offense of unlawfully transporting intoxicating liquor for beverage purposes; this being, as we have said, the offense for which the sentence was imposed. Section 3 of Act 39 of Extra Session of 1921.

As the trial judge has imposed in this case all of the fine and all of the imprisonment authorized by the statute as the punishment for the offense for which the defendant was convicted, it is obvious that, if defendant should default in the payment of the fine, or if the fine should not be recovered out of his estate, then its imposition would amount to nothing. The law does not contemplate, however, that the imposition of a fine may be ignored by the one against whom it is imposed. Therefore it has provided that—

"Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year." Revised Statutes, § 980.

The purpose of this section is to provide a means for the enforcement of payment of a fine, in a case where the statute authorizing its imposition does not provide such means. As was said in State v. Jumel, 13 La. Ann. 399, the purpose of the section is not to punish the one convicted for the offense for which he was convicted, but to compel him to execute the sentence of the court by paying the fine.

Since, in the case at bar, the trial judge imposed a fine, as authorized by the statute under which defendant was convicted, and as that statute does not provide the means for enforcing payment of the fine, the judge had a right to resort to section 980 of the Revised Statutes to obtain such means, and therefore to pronounce the sentence imposed of one year additional imprisonment in default of the payment of the fine. State v. Payne, 134 La. 269, 63 South. 899; State v. Doras Hebert (No. 26165) 157 La. ——, 102 South. ——.

For the reasons assigned, the sentence appealed from is affirmed.