### (100 South. 707)

### No. 26398.

### STATE v. SHARP et al.

(May 5, 1924. Rehearing Denied by Whole Court June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬅️1111(3)—**Bill of exceptions to overruling ground of insufficient evidence in motion for new trial held, in view of judge's statement, to present nothing for review.**

Bill of exceptions to overruling ground of motion for new trial, that no evidence warranted conviction, presents nothing for review; trial judge in his reasons for overruling it stating no evidence was offered on trial of motion, and that testimony on trial of case was conclusive of guilt.

2. **Criminal law** ⬅️1124(1)—**In view of confused statement in transcript of ground of motion for new trial, bill of exceptions to overruling held to present nothing for review.**

Ground of motion for new trial, as appearing in transcript, being stated so confusedly that it is impossible to grasp its meaning, bill of exceptions to overruling it presents nothing for review.

3. **Criminal law** ⬅️1213—**Eighth federal amendment addressed to federal government only.**

Const. U. S. Amend. 8, prohibiting imposition of excessive fines and inflicting of cruel and unusual punishment, is addressed to the federal government only.

4. **Criminal law** ⬅️1188—**No order on appeal affecting case not appealed.**

Where defendants were convicted in ten cases tried together, but sentenced in three

only, so that they could and did appeal in the three only, trial court cannot on such appeal be ordered to pronounce sentence in the other cases.

5. **Criminal law** ⬅️998—**Sentences not set aside because of failure to sentence in other cases.**

That sentence was not pronounced in seven of ten cases against defendants tried together, in all of which they were convicted, does not entitle them to have set aside the sentences in the three cases in which they were sentenced.

6. **Criminal law** ⬅️1211 — **Second or subsequent offense one committed after conviction.**

Part of Act No. 39 of 1921, § 3, providing heavier penalty for second or subsequent offense against the liquor law, refers to offense committed after conviction.

7. **Fines** ⬅️11—**Sentence may, in addition to fine and maximum imprisonment for violating liquor law, provide further imprisonment in default of payment.**

Sentence to imprisonment for not over a year authorized by Rev. St. § 980, in default of payment of fine imposed, being to enforce payment of fine, and not to punish directly for commission of crime, sentence for violation of liquor law may, in addition to imposing maximum punishment of $500 fine and 60 days' imprisonment, provided by Act No. 39 of 1921, § 3, provide in the alternative for imprisonment for additional year in default of payment of fine.

8. **Intoxicating liquors** ⬅️242—**Penalty may be imposed for each offense of manufacturing.**

Under Act No. 39 of 1921, § 3, each separate and distinct act of unlawfully manufacturing liquor on different occasions is a separate and distinct offense for which the punishment thereby provided may be imposed.

9. **Criminal law** ⬅️1213—**Fine and punishment for one or more violations of liquor law not excessive or cruel and unusual.**

Const. art. 1, § 12, prohibiting the imposition of excessive fines and infliction of cruel and unusual punishment, is not violated either by a single sentence to pay $500 fine and be imprisoned 60 days, authorized by Act No. 39 of 1921, § 3, for unlawful manufacture of liquor, with provision in the alternative, authorized by Rev. St. § 980, for imprisonment for a year additional in default of payment of the fine, nor by three such sentences, to be cumulative, for three separate violations of the liquor law.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Louis Sharp and another were convicted of violations of the liquor law, and appeal. Convictions and sentences affirmed.

Ponder & Ponder, of Amite, for appellants.

A. V. Coco, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. It appears from the minutes of the trial court, contained in this transcript, that ten bills of information were filed against the defendants herein, in eight of which they appear to have been charged jointly with the offense of unlawfully manufacturing intoxicating liquor for sale and for beverage purposes, and in two of which they appear to have been charged with the offense of unlawfully selling intoxicating liquor for beverage purposes. The ten cases were consolidated for the purposes of trial, and were tried as one case. The defendants were convicted in each case, but were sentenced in only three. In the three cases in which they were sentenced they were charged with having unlawfully manufactured intoxicating liquor for sale and for beverage purposes. In the first of these cases they were charged with having manufactured the liquor on January 17, 1923; in the second, on February 23, 1923; and in the third on March 7, 1923. In the remaining cases no appeals were taken or could have been taken, as no sentences were imposed. Hence the bills of information filed in them are not in the record, and, therefore, we are unable to say when the offenses charged in them are alleged to have been committed.

The first bill of exceptions reserved by defendants is one to the overruling of a motion for a new trial. The first ground alleged for the granting of the new trial is that no evidence was introduced to warrant a conviction in these cases. The second ground alleged, as it appears in the transcript, is stated confusedly—so much 'so that it is impossible to grasp its meaning. The third and last ground alleged is: As this is the first time that defendants have been charged with unlawfully manufacturing intoxicating liquor, to convict them on ten charges is violative of the Constitution of the United States, and of section 12 of article 1 of the Constitution of this state.

[1-3] Defendants asked in their motion for a new trial that the evidence to be offered under it be reduced to writing. The trial judge says, in giving his reasons for overruling the first ground of the motion, that no evidence was offered on the trial of the motion, and that the testimony offered on the trial of the cases, themselves, was conclusive of the guilt of the defendants. The bill reserved, therefore, on the first ground urged in the motion, presents nothing for review. This is likewise true with respect to the second ground urged therein for the reason indicated in stating the grounds set forth in the motion. With reference to the third ground urged therein, defendants do not allege in what respect it is violative of the Constitution of the United States to convict them on 10 charges for violating the liquor laws, when the charges on which the convictions were had are the first of that nature ever brought against them. However, as in the same connection, defendants also allege that to convict them on that number of charges is violative also of section 12, art. 1, of the Constitution of this state, which section prohibits, in part, the imposition of excessive fines and the infliction of cruel and unusual punishment, we assume that defendants, in referring to the convictions as being violative of the Constitution of the United States, have reference to Amendment 8 there-

of, which, in part, also prohibits the imposition of excessive fines and the infliction of cruel and unusual punishment. However, the Eighth Amendment to the federal Constitution is addressed to the federal government only, and does not operate as a prohibition against the states. Ex parte Watkins, 7 Pet. (32 U. S.) 573, 8 L. Ed. 786; Ohio v. Dollison, 194 U. S. 447, 24 Sup. Ct. 703, 48 L. Ed. 1062; Pervear v. Massachusetts, 5 Wall. (72 U. S.) 475, 18 L. Ed. 608. Moreover, in our view, it is obvious that the federal Amendment does not operate, even with respect to the federal government, so as to prohibit the conviction of a person ten times for violating a statute that number of times, even though the offenses may have been his first against the statute; and even though he should be tried on all the charges on the same day. And this, in our opinion, is likewise true as to section 12 of article 1 of the state Constitution, with respect to the state government. Both amendments affect merely the sentence that may be imposed for crime.

[4, 5] In passing upon the foregoing bill of exceptions, we have referred necessarily to the conviction in all of the ten cases, though, as a matter of fact, only three of them are before us on appeal. As we have observed, sentence was pronounced in only three of the cases; and hence only those three have been appealed. The rest could not have been appealed, as sentence had not been pronounced in them. The fact that the judge deferred passing sentence in those cases, over the protest of the defendants, forms the basis of the next bill of exceptions.

The contention of defendants is that the trial judge has no right to permit the convictions in these cases to hang over them. Defendants desire also, no doubt, to bring to the attention of this court the action of the lower court in these cases for whatever effect it may have on a constitutional question to be hereinafter considered.

Defendants probably have the right to require the lower court to pass sentence in the remaining seven cases, should they desire to take such action; to the end that they may serve the sentences to be pronounced in them, or to the end that, if the sentences be sufficient to justify appeals, they may appeal in each of them, should they deem that course advisable. However, as these cases are before us only incidentally, it is clear that we can render no order on this appeal directing the lower court to pronounce the sentences that have been deferred. It is equally clear that merely because the trial court has not pronounced sentence in them does not entitle defendants to have the sentences set aside in the three cases in which they were pronounced. If defendants desire that sentence be pronounced in the remaining cases, the law gives them an adequate remedy, should the district attorney, with the leave of the court, not enter a nolle prosequi in them.

Defendants, in each of the three cases appealed, were sentenced to pay a fine of $500, to serve 60 days in jail, and, in default of payment of the fine, to 12 months additional in jail; the sentences not to run concurrently. The defendants contend that these sentences are illegal, because not authorized by law, and that they violate section 12 of article 1 of the Constitution of this state, because the fines imposed are excessive, and because the punishment inflicted is cruel and unusual.

[6] Section 3 of Act 39 of 1921 provides that a person, found guilty of unlawfully manufacturing intoxicating liquor for sale or for beverage purposes, shall, for the first offense, be fined not exceeding $500 and shall be imprisoned for not less than 10 nor more than 60 days. The section also provides a heavier penalty for what it terms the second

or subsequent offense, but that part of the section evidently has reference to an offense committed after conviction. Section 980 of the Revised Statutes of 1870 provides that every person, sentenced to pay a fine, shall, in default of the payment or of the recovery of the fine, be imprisoned for a period not exceeding one year.

[7] The fine and imprisonment, provided by section 3 of the act of 1921, is the punishment authorized to be inflicted for unlawfully manufacturing the liquor. The imprisonment authorized by section 980 of the Revised Statutes is to enforce payment of a fine imposed, and not to punish one directly for the commission of an offense.

A judge, in sentencing one, convicted under Act 39 of 1921, to pay a fine, may, in order to enforce its payment, go beyond the act, and impose the penalty provided by section 980 of the Revised Statutes, or so much thereof, in the exercise of his discretion, as he may deem proper to accomplish that end. State v. McGuire, 152 La. 954, 94 South. 896; State v. Hebert, 157 La. ——, 102 South. ——, No. 26165; State v. Sharp, 156 La. 358, 100 South. 454, this day decided.

A judge, therefore, in passing sentence, based upon a conviction for the unlawful manufacture of intoxicating liquor, under Act 39 of 1921, may sentence the person convicted, should he deem that the facts justify it, to pay a fine of $500 and to be imprisoned in the parish jail for 60 days, and in default of the payment of the fine to be imprisoned for one year longer.

[8, 9] The judge, however, as we have seen, imposed the foregoing sentence in each of the three cases appealed. In each case a distinct offense is charged, though all three offenses are of the same kind, the dates only of their commission being different. It is contended that sentences thus imposed, and of the severity of those imposed in this instance, for unlawfully manufacturing intoxi-

cating liquor, are not only unauthorized by law, but are violative of section 12, art. 1, of the Constitution of this state, prohibiting, among other things, as we have seen, the imposition of excessive fines and the infliction of cruel and unusual punishment.

Section 3 of the Act of 1921 contemplates that each distinct and completed act of manufacturing intoxicating liquor unlawfully shall constitute an offense, so that if a person should manufacture intoxicating liquor upon one occasion and then upon another, the manufacturing of it on each occasion would be a distinct offense. Such appears to have been the case here, in so far as the record discloses, except that the liquor was manufactured on more than two distinct occasions. The act also contemplates that the fine and imprisonment authorized by it may be imposed for each offense, and that the imprisonment authorized by section 980 of the Revised Statutes, or so much thereof as the judge, in the exercise of his discretion, may deem necessary, may be imposed to enforce payment of each one of the fines. Hence, pretermitting, for the moment, the question concerning the constitutionality of the sentences pronounced, we are of the opinion that those sentences are in accord with the Act of 1921 and the section of the Revised Statutes under which they were imposed. But are the sentences violative of the Constitution? We are clearly of the opinion that a sentence of $500 and 60 days' imprisonment, and, in default of payment of the fine, of one year additional in jail, for one offense of unlawfully manufacturing intoxicating liquor, is not unconstitutional. The fine is not excessive, nor is the punishment cruel and unusual. Cardillo v. People, 26 Colo. 355, 58 Pac. 678. But does such a sentence become unconstitutional, when imposed three times for as many separate and distinct offenses, though for offenses of the same description? The sentences, by their

cumulation, then become severe, it is true, but a person, because of separate violations of the same provision of law, cannot take advantage of such repeated violations to demand lighter sentences in each case than the facts otherwise would seem to justify, nor can he take advantage of such repeated violations to demand that sentence be imposed for each violation in such proportion that the sum total of the sentences will not exceed the sentence .constitutionally. provided by the lawmaker for one offense. It is true that it seems to us that the trial judge might have shown more mercy in these cases than he has apparently shown, but he did not take that view of the matter, and evidently considered that he had shown sufficient mercy by sentencing the defendants in only three out of ten cases. As it is, we are not of the opinion that the sentences imposed are unconstitutional. See Badders v. United States, 240 U. S. 391, 36 Sup. Ct. 367, 60 L. Ed. 706; Brinkley v. State, 125 Tenn. 371, 143 S. W. 1120.

For the reasons assigned, the convictions and sentences appealed from are affirmed.

Rehearing refused by the WHOLE COURT.