O’NIELE, C. J.
 

 The defendants were prosecuted in the juvenile court for the parish of Caddo, under the provisions of the Act 30 of 1924, p. 46, charged with contributing to conditions which caused a child under the age of 17 years to be adjudged a “delinquent child.” The offense is made a misdemeanor by the Act 169 of 1918, p. 322; the penalty being a fine not exceeding $200 or imprisonment in the parish jail for a term not exceeding one year, or both the fine and imprisonment, in the discretion of the judge. The defendants were convicted, and each' was sentenced to imprisonment in the parish jail for six months and a day, subject to .work on tbe public works. They bave appealed from tbe conviction and sentence.
 

 Tbe record contains
 
 three
 
 bills of ex-' ception. Tbe first bill was reserved to tbe overruling of a demurrer, to tbe affidavit on which tbe defendants were prosecuted, tbe contention being that tbe charge made in tbe affidavit was not an accusation of any crime or misdemeanor. The allegations of tbe af fidavit, stated substantially, were that tin defendants were above the age of 17 years; that neither of them was the parent, tutor or guardian of the child named, or had the custody or control of the child; that the child was under the age of 17 years; and that the defendants did encourage and cause her to drink intoxicating liquor in sufficient quantities to render her irresponsible, and did desert and abandon her on a public thoroughfare and in a public park in the city of Shreveport, and did thereby cause her to be adjudged a delinquent child by a court of competent jurisdiction. The affidavit, therefore, contained every allegation necessary to define the offense as denounced by the Act 169 of 1918, p. 322.
 

 It is argued that the child’s having taken one drink of intoxicating liquor was not a sufficient cause for adjudging her a “delinquent child,” as defined by the statute. The tenth section of the Act 30 of 1924, p. 48, in stating the several grounds on which a child under 17 years of age, and not an inmate of an institution, may be adjudged a “delinquent child,” declares that one who violates any law of the state, or one who drinks intoxicating liquors, may be adjudged a “delinquent child.” It is quite likely that the writers of this statute did not intend that one instance of intoxication — such as is shown by the evidence in this case — would be a sufficient cause in itself for adjudging a juvenile a “delinquent child.” But that question is not before us. The record shows that the child was adjudged a “delinquent child” by tbe juvenile court; and, if tbe defendants, by giving ber a drink of intoxicating liquor, contributed to
 
 the
 
 cause for wbicb sbe was adjudged a “delinquent child,” they violated tbe statute on tbe subject. There was, therefore, no merit in tbe demurrer to the affidavit.
 

 
 *92
 
 Tlie second bin''of exceptions; was reserved to'the' refusal of the judge to maintain three legal 'propositions — as charges to a jury. The so-called three propositions were-only repetitions of the one proposition, that, under the Act 30 of 1924, the defendants could not be convicted if the evidence showed merely that they gave only one drink-of intoxicating wine to the girl, even though on that particular occasion it actually produced intoxication. The judge rejected the proposition of law, on the ground that- its hypothesis, or premise, di'd not contain all of the facts of this case. We cannot say that the judge erred, for it is possible that the giving of only one drink of intoxicating liquor to a child, and thereby causing him or her to become intoxicated, might contribute to a cause for which the child might legally be adjudged a “delinquent child.”
 

 Whether the evidence in this case was sufficient to convict the defendants of contributing to the cause for which the girl was adjudged a “delinquent child” is a matter over which we have no jurisdiction. Appeals from the juvenile courts to this court are allowed on questions of law only. Const. art. 7, § 54; Act 30 of 1924, §
 
 7:
 
 Therefore the fact that the testimony was taken down steno-graphically and • transcribed, and is in the record, does not warrant our reviewing it and deciding whether it is sufficient in point of fact to sustain the conviction.
 

 The third bill of exceptions was reserved to the overruling of an objection to the prosecuting attorney’s being allowed to offer certain evidence after he had announced that he had closed his case. The evidence which was thus offered was the record of the judicial proceeding in which the child had been adjudged a “delinquent child.” The request to be allowed to offer the record in evidence was made immediately after the prosecuting attorney had announced that he had closed his case, and before the defendants had offered any evidence. The judge, therefore, did not abuse his discretion in allowing the prosecuting attorney to introduce the reeord in evidence after he had announced, inadvertently, that he closed his case.
 

 Appellants contend that the sentence to imprisonment in the parish jail, subject to work on the public works, is a sentence to imprisonment at hard labor, which is not authorized by the statute. It is well settled, though, that a sentence of “imprisonment at hard labor” means imprisonment in the penitentiary, and that a. sentence of imprisonment in a parish jail, subject to work on the public roads or public works, under authority of the Act 204 of 1908, p. 304, is not a sen-fence to “imprisonment at hard labor,” as meant by the language in the Constitution, art. 7, § 10, paragraph 7. State v. Rigmaiden, 135 La. 237, 65 So. 229; State v. McGuire, 152 La. 957, 94 So. 897.
 

 The conviction and sentence are affirmed.