FREEMAN & FREEMAN v. SEELING ET AL.

(June 10, 1929 Opinion and Decree.)

Weiss, Yarrut and Stich, of New Orleans, attorneys for plaintiff, appellant.

Joseph Lautenschlaeger, of New Orleans, attorney for defendants, appellees.

HIGGINS, J. Plaintiff and appellant, real estate brokers, filed an application to deposit money in the registry of the court, impleading the seller and purchaser, in a real estate contract, for the purpose of determining who was the owner of the deposit, on account of the purchase price.

The petition shows that Freeman & Freeman, real estate brokers, obtained from Mrs. Joseph Seeling a written agreement to sell a piece of immovable property and that Miss Agnes McCaffery accepted the offer. The agreement provided that Mrs. Seeling was to pay 4 per cent commission to the real estate agent; the deposit was not to be considered as earnest money and both parties to the contract reserved the right to demand specific performance. Neither party to the agreement has sought specific performance.

Miss McCaffery, the purchaser, and one of the defendants, filed an exception of no cause of action, based upon the following grounds: First, that the entire deposit should have been deposited in the registry of the court, without deducting the real estate agent's commission of 4 per cent; and second, that plaintiff, as depositor, could not compensate or set off their claim for commission against the deposit.

The exception was maintained and plaintiff's suit dismissed.

The application to place the money in the registry of the court was made in accordance with the provisions of Act 123 of 1922. This act does not give the depositor the right to deduct its commission from the deposit, as plaintiff and appellant sought to do in this case. The act requires the money to be deposited and does not give the depositor the right to deduct any sum whatsoever from the deposit.

The depositary must restore the money deposited with him. C. C. 2924.

The depositary cannot plead compensation against a deposit. C. C. 2210. Derbes vs. Blache et al., 10 La. App. 424.

"The depositary must restore the thing deposited only to him who delivered it, or in whose name the deposit was made, or who was pointed out to receive it." C. C. 2949. Gastauer vs. Gastauer, 152 La. Ann. 959, 94 So. 897.

"The percentage paid by a purchaser on his bid is a deposit to which compensation cannot be pleaded." Succession of Cox, 32 La. Ann. 984.

"The depositary cannot withhold the thing deposited on a pretense of a debt due to him from the depositor on an account distinct from the deposit, or by way of offset." C. C. 2956.

Thus, it will be seen that neither under the provisions of Act 123 of 1922 nor the articles of the Civil Code is a depositary entitled to deduct his commission, and deposit only a portion of the money in the registry of the court.

The contract places the obligation of paying the commission on Mrs. Seeling and not on Miss McCaffery. As the con-

tract has not been carried out and neither party placed in default, to grant plaintiff and appellant relief sought, might be forcing Miss McCaffery to pay its commission, when she did not agree to do so.

For the reasons herein assigned the judgment appealed from is affirmed, at appellant's cost.