BLANCHE, Judge.
This is an appeal from a finding by The Family Court of East Baton Rouge Parish that Michael Bouligny is within the purview of R.S. 13:1570, the Juvenile Court Act, and ordering that he be counseled and warned. No finding of delinquency was made.
The only error urged by appellant is that Michael Bouligny was not proven to be guilty of the crime with which he was charged beyond a reasonable doubt.
Under the provisions of Article VII, Section 52 of the Constitution of 1921, and R.S. 13:1591, appeals to this Court in cases of this type lie on questions of law alone. The Constitution provides as follows:
“ * * * An appeal shall lie on questions of law and of fact when the judgment of the court affects the custody, care or control of children under seventeen years of age, but such appeal shall not discharge the child to whom said judgment relates from the custody of the Juvenile Court or of the person, institution or agency to whose care such child may be committed by the Juvenile Court unless the Supreme Court shall so order. An appeal also shall lie on questions of law and of fact on both interlocutory and final judgments in adoption proceedings; in all other cases an appeal shall lie on questions of law alone.”
Under those circumstances, we are without authority to review the findings of fact of the trial court or to consider or weigh the evidence presented. See State v. McCain, 168 La. 87, 121 So. 583 (1929); State v. Dunn, 140 La. 385, 73 So. 240 (1916).
It is only when there is no evidence to prove an essential element of the offense charged that we can make a factual determination, since a question of law is then presented. As long as there is some evidence presented on the point, no matter how little, we have not the authority to adjudicate fact.
*138 Our review of the record reveals that there is evidence tending to prove all elements of the offense charged. We are without jurisdiction to pass judgment on the weight or sufficiency thereof.
The judgment appealed from is affirmed.
Affirmed.