ELLIS, Judge.
By petition filed in the Juvenile Court of the 32nd Judicial District Court for the Parish of Terrebonne, John Terry Parfait was charged with being delinquent for the following reasons:
“ . . . on or about the 25th day of October, 1978, said youth did wilfully and unlawfully violate La.R.S. 14:56, relative to simple criminal damage to property, in that he did intentionally damage the property belonging to one Perlis Viator without his consent, to wit: a tug boat, other than by fire or explosion, by throwing bottles, rocks and pieces of metal, the said damages amounting to $50.00 in the lawful money of the United States of America.
“Further, said youth did wilfully and unlawfully violate La.R.S. 14:37, relative to aggravated assault, in that he assaulted one crewman, with a dangerous weapon, to wit: a piece of metal.
“Further, said youth violated La.R.S. 14:(108), relative to resisting an officer in that said youth did flee from Captain Chauvin, Lt. Russell and deputies of the Terrebonne Parish Sheriff’s Office, when youth was advised to halt his activity.”
A full hearing was held, after which the court found the juvenile guilty of violating R.S. 14:56 and R.S. 14:108, and not guilty of violating R.S. 14:37. The following sentence was imposed:
*153 “Whereupon, the Court sentenced the defendant to be committed to the Department of Corrections of the State of Louisiana (L.T.I.) to serve an indefinite period of time to be determined by the Department of Corrections.”
From that finding of the court, Parfait has appealed. Two specifications of error are presented. First, it is alleged that there was “insufficient evidence” presented to prove every element of the crime of Simple Criminal Damage to Property, R.S. 14:56. Second, it is claimed that the sentence imposed by the trial judge is illegal.
Our review of juvenile court eases of this nature is limited to questions of law alone. R.S. 13:1591; In Re State in Interest of Bouligny, 268 So.2d 136 (La.App. 1st Cir. 1972). We cannot consider questions of weight and sufficiency of evidence. As we said in the Bouligny case, supra:
“It is only when there is no evidence to prove an essential element of the offense charged that we can make a factual determination, since a question of law is then presented.”
We have reviewed the record herein and find that there is evidence tending to prove all the elements of Simple Criminal Damage to Property. Appellant’s complaints relate to weight and sufficiency.
R.S. 13:1580(A)(2)(a) provides as follows: “A child over the age of thirteen who has been adjudged a proper person for commitment, based on a finding of delinquency, may be confined for an indefinite period, but in no case beyond his twenty-first birthday. However, no such child shall be confined for a period which exceeds the length of time for which an adult could be confined if convicted of the offense which formed the basis for the adjudication of delinquency. Children with a temporary excused absence or adults in this category may be recommitted until their twenty-first birthday.”
R.S. 14:56 provides for a maximum sentence of six months, if the damage is less than $500.00, as in this case. R.S. 14:108 provides for a maximum sentence of six months. It appears, therefore, that the indefinite commitment imposed in this case is improper, since it exceeds 12 months, which is the maximum length of time an adult could have been incarcerated for the two misdemeanors of which Parfait was found guilty.
Accordingly, the finding of delinquency based on the violations of R.S. 14:56 and R.S. 14:108 is affirmed; the sentence imposed is set aside; and the case remanded to the trial court for resentencing in accordance with R.S. 13:1580(A)(2)(a).
REMANDED.