## No. 12,358.

### THE STATE vs. H. VOSS.

*City Ordinance.*—While it is true that ordinances making certain acts the evidence of an offence committed should be strictly construed, it does not follow that they should be pronounced null.

*Act and "intent" essentials.*—One accused of violating an ordinance to abate conducting lotteries as being a nuisance, is not guilty, unless there was "intent." To constitute crime there must be joint operation of act and criminal intent.

*The offence.*—Knowingly having tickets in one's possession in matter of conducting a lottery, or knowingly giving information of a drawing or a pretended drawing, is made the offence in the matter of conducting a lottery. The defendant by the sentence was not deprived of his property or liberty without due process of law.

*Fine of $25, or 30 days' imprisonment is the statutory limit.*—The ordinance interpreted, in its entirety, does not exceed in extent of punishment the limit imposed by the legislative act.

APPEAL from the Sixth Recorder's Court of the City of New Orleans. *Arnauld, J.*

*James J. McLoughlin,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for Plaintiff, Appellee.

*Chandler C. Luzenberg* for Defendant, Appellant.

Submitted on briefs February 19, 1897.

Opinion handed down March 1, 1897.

The opinion of the court was delivered by

BREAUX, J.   An affidavit charged defendant with having violated an ordinance of the City Council relative to lotteries.

He was tried, found guilty and sentenced to pay a fine of twenty-five dollars and to ten days' imprisonment, and in default of payment of the fine, to an additional imprisonment of twenty days in the parish prison.

Upon his trial he alleged that the ordinance was illegal and unconstitutional.

From the sentence he has appealed.

In this appeal, the defendant, in the first place, urged that Sec. 2 of the ordinance, which reads as follows: "That it shall not be necessary to prove the actual sale of lottery tickets in any space, house, office or premises, but any sign, tickets, sheets, bulletins or other device used to indicate that tickets are kept for sale, or to give information as to the result of any drawing or pretended drawing, shall be taken and accepted as a sufficient proof of the keeping of a lottery office or shop," was illegal and unconstitutional.

The complaint of the defendant was that any ordinance which makes the finding of a lottery ticket or device, on the premises, or on the person of a defendant, sufficient proof of his keeping a lottery shop, is depriving him of his liberty without due process of law.

The section of the ordinance against which this complaint is directed reads:

"That it shall not be necessary to prove the actual sale of lottery tickets in any space, house, office or premises, but any sign, tickets, sheets, bulletins, or other device used to indicate that tickets are kept for sale, or to give information as to the result of any drawing or pretended drawing, shall be taken and accepted as a sufficient proof of the keeping of a lottery office or shop."

The following is quoted by counsel for the appellant, and made the basis of his clearly presented points in argument:

"The law delights in the life, liberty and happiness of the subject, consequently it deems statutes which deprive him of these, however necessary they may be, in a sense odious. For which, as for kindred

State vs. Voss.    ·

reasons, as well as because every man should be able to know certainly when he is guilty of crime, statutes which subject one to a punishment or penalty, or to a forfeiture or a summary process calculated to take away his opportunity of making a full defence, or in any way deprive him of his liberty, are to be construed strictly.'' Bishop Statutory Crimes, Sec. 193.

Upon this point we agree with Mr. Bishop and with counsel, in such cases as those alluded to in the quotation; in our view, also, the construction should be strict, but from this agreement in opinion it does not follow that the ordinance assailed should be declared a nullity upon the grounds urged. In our judgment, as we read the ordinance, it does not say that the holder of a ticket is, by the mere fact that he is a holder, guilty as charged.

If one, without guilty knowledge or intent, is in possession of a lottery ticket, it can not be taken of itself as being sufficient proof of guilt. One of the indispensable elements of crime is wanting. To constitute crime there must be joint operation of act and criminal intent. Under the language of the statute, to our thinking, the fact that one is engaged in the business of selling tickets or in giving information as to the result of any drawing, or pretended drawing, constitutes the offence denounced. One accused is certainly not guilty unless it is satisfactorily shown that he knowingly had the tickets in his possession, or knowingly gave information as to the result of any drawing or pretended drawing. Either act is the offence denounced, and it may be made evident from either—that the one thus committing the act is engaged in conducting a lottery shop, without thereby defeating the purpose of the ordinance.

The section requires, to convict an accused '' any sign, tickets, sheets, bulletins, or other device used to indicate that tickets are for sale, or to give information as to the result of any drawing or pretended drawing,'' a well-known business, giving rise to the conclusion stated in the ordinance that he is conducting a lottery office.

In the second place, the appellant urges that any section of an ordinance which permits a recorder to sentence an accused to an imprisonment of more than thirty days is *ultra vires* and illegal.

It must be confessed that the language of the ordinance is not as clear as it might have been, but we think it sufficiently fixes the limit.

Section 3 of the ordinance is as follows: "That whoever shall violate the provisions of this ordinance shall, upon conviction before the recorder within whose jurisdiction the offence is committed, be condemned by said recorder to pay a fine not to exceed twenty-five dollars, or imprisonment in the parish prison for a term not to exceed thirty days or both, in default of the payment of said fine; provided, that the fine shall not exceed twenty-five dollars, nor the imprisonment more than thirty days.

By Act 41 of 1890 the Council may enforce obedience to and punish the violation of ordinances " by fine or imprisonment or both, or by imprisonment in default of the payment of the fine; provided that the fine shall not exceed twenty-dollars for each offence, nor the imprisonment more than thirty days.

The ordinance interpreted as a whole does not, in our judgment, exceed that limit. Without the *proviso* the recorder would be authorized to impose a fine of twenty-five dollars, with imprisonment of thirty days for the violation of the ordinance and an additional thirty days' imprisonment for the non-payment of the fine— that is, if the fine were not paid the imprisonment might be as much as sixty days, but it is saved by the *proviso* limiting the fine to twenty-five dollars and all imprisonment to thirty days. The penalty is thereby kept within statutory limitation.

The sentence and fine imposed upon the accused were within the limit of the *proviso*.

The sentence and judgment appealed from are affirmed.