The'opinion of the court was delivered by
Blanchard, J.
The relator was charged with violating the second section of ordinance No. 12,569, Council Series, City of New Orleans.
This ordinance, adopted in August, 1896, declares that the owner, lessee, or proprietor of a building, who shall permit any person or persons to gamble with dice for money, in or about the premises, shall, on conviction, be fined not less than $10, nor more than $25, or imprisoned not more than thirty days, or both, at the discretion of the court.
Its violation by the relator is charged to have taken place in August, 1899.
He was put upon trial before the respondent Recorder, found guilty and sentenced to pay a fine of $25, and to be confined in the Parish Prison for five days, and, in default of the payment of the fine, to serve an additional term of twenty-five days in prison.
From this conviction and sentence, he prosecuted a suspensive appeal fo the Criminal District Court for the Parish of Orleans.
That tribunal affirmed the judgment and remanded the case for execution of the sentence.
Following this, the respondent Recorder notified the relator to appear before his court, on a day fixed, to serve out the sentence that had been imposed upon him and affirmed on appeal.
Whereupon, the relator then applied to this court for its writ of prohibition to stay the hand of the Recorder, and for its writ of certiorari to enquire into the validity of the proceeding through which he had been convicted and sentenced.
The allegation is made that his arrest, trial, conviction and sentence are null and void for the reason that the Sixth Recorder’s Court had no jurisdiction to sentence him for the violation of any ordinance of the city of New Orleans in a penalty greater than a fine of $25, or, in the alternative, to imprisonemnt not exceeding thirty days, and as sustaining this position See. 12 of Act 181 of the Acts of 1877 is pointed to.
This section vests the Recorders of the Police Courts of the city of New Orleans with authority to enforce all ordinances of the city, and *1081 enacts that they shall have power to impose fines not to exceed $25 for each offense of violating a city ordinance, and in default of payment of the fine, to sentence the guilty party to imprisonment for not more than thirty days.
The accused here was sentenced to pay a fine of $25 and to serve five days in prison, and in default of payment of the fine, to serve an additional twenty-five days in prison.
This sentence is warranted by the city ordinance hereinbefore referred to, but not by the Act of 1877, which limits the maximum penalty to a money fine of $25, and does not authorize imprisonment, except in case the fine is not paid, in which event thirty days’ imprisonment may be imposed.
So that, “the bone of contention” here is the'five days’ imprisonment which the Recorder added to the fine of $25.
Other grounds of alleged nullity are set up by relator, but none of them have merit enough to justify serious consideration.
For answer to the rule to show cause why the writs applied for should not issue respondent Recorder avers the legality of his action in the conviction and sentence of the relator, and that the penalty inflicted was that authorized by the city ordinance, the enactment of which ordinance, he contends, was a valid exercise of the power vested in the Common Council.
The question presented is, did the Recorder, in the infliction of the fine of $25 and imprisonment for five days, and in default of payment of the fine, a further imprisonment of 25 days, exceed his authority and jurisdiction.
The Common Council of New Orleans may not go beyond the law in vesting Recorders of the City Courts with authority in the matter of the infliction of penalties for violation of city ordinances, and if the instant case rested alone on Section 12 of Act 131 of 1877, as relator seems to think it does, he would, perhaps, be entitled to relief to the extent of the setting aside of the sentence complained of, and the remanding of the case, to the end that a legal sentence might be pronounced;
State ex rel. Taquino vs. Recorder, 49 La. Ann. 104.
But there is other and later law on the subject than the Act of 1877. Act No. 41 of the Acts of 1890 is authority for Recorders of City Courts to punish violators of city ordinances “by fine, or imprisonment, or both, or by imprisonment in default of the payment of the *1082 fine”, but in. no case is the fine to exceed $25, nor the imprisonment, all told, to exceed 30 days. 49 La. Ann. 104; State vs. Voss, 49 La. Ann. 444.
And this was re-enacted and reproduced in Act No. 143 of the Acts of 1898.
City Ordinance No. 12,569 had, therefore, the authority of law for ordaining that any owner, lessee, or proprietor of a building who permits gambling with dice for money on the premises may be both fined and imprisoned, and when the respondent Recorder imposed upon the relator a fine of $25 and five days’ imprisonment, and then added that in case of default of payment of the fine he should suffer twenty-five days’ additional incarceration in the Parish Prison, he was within the pale both of the law and the ordinance.
Eor these reasons, it is ordered that the rule nisi issued herein be discharged at the costs of the relator, and that the execution of the sentence pronounced upon him by the Recorder’s Court be proceeded with.