(103 So. 742)

No. 26165.

## STATE v. HEBERT.

(Nov. 12, 1923. Dissenting Opinion Nov. 24, 1923. On Rehearing by the Whole Court April 8 and 11, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬅201—Prosecution in state and federal court for violation of liquor law held not double prosecution for one offense.**

Prosecution in federal court for an alleged violation of Volstead Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and in state court for an alleged violation of Hood Act for same alleged manufacturing of intoxicating liquor, *held* not to violate constitutional guaranty against double prosecution for one offense.

**2. Intoxicating liquors ⬅236(19)—Conviction for manufacturing for beverage purposes sustained without offering in evidence either liquor or apparatus with which it was made.**

It is not essential to a valid conviction for manufacturing intoxicating liquor for beverage purposes that either liquor itself, or apparatus with which it was made, should be offered in evidence or produced in court.

**3. Criminal law ⬅394 — Evidence obtained by federal officers under search warrant from federal court held admissible in prosecution in state court.**

Evidence obtained by federal officers searching defendant's premises under warrant from federal court *held* admissible in state court in prosecution for manufacturing intoxicating liquors for beverage purposes.

**4. Criminal law ⬅1167(4) — Amendment of bill of particulars furnished in response to motion by defendant held harmless.**

Amendment of bill of particulars furnished in response to motion by defendant, changing designation of place where intoxicating liquor was alleged to have been manufactured, *held* harmless, where change of location was slight in point of distance and amendment was made before trial and defendant did not ask for a continuance or announce that amendment affected his defense in any way.

**5. Intoxicating liquors ⬅221—Indictment held not defective for failure to allege that manufacturing of intoxicating liquors was done without a permit.**

In prosecution for manufacturing intoxicating liquors for beverage purposes, failure to allege in indictment or in bill of particulars that alleged manufacturing was done without a permit *held* not fatal; such allegation being necessary only when accusation is for manufacturing "nonbeverage purposes."

**6. Witnesses ⬅274(2)—Question, on cross-examination of character witness for defense, whether he had heard of defendant selling "shinny," held pertinent.**

In prosecution for manufacturing intoxicating liquors for beverage purposes, question, on cross-examination of defense witness who had testified as to defendant's general reputation for good character, whether he had ever heard of defendant selling "shinny" in the neighborhood, to which witness answered that he had heard of defendant's selling of "shinny" but had not bought any of it, *held* pertinent.

**7. Criminal law ⬅761(2)—Refusal of requested charges constituting statements or conclusions of fact held not erroneous.**

Refusal of defendant's requested charges which were statements or conclusions of what fact had or had not been proven *held* not erroneous.

Land, J., dissenting.

On Rehearing by the Whole Court.

**8. Fines ⬅11—Sentence of defendant, in prosecution for manufacturing intoxicating liquor for beverage purposes, held not to exceed limit fixed by statute.**

Sentence of defendant, in prosecution for manufacturing intoxicating liquors for beverage purposes, to pay fine of $500 and imprisonment in jail for 60 days, and in default of payment of fine imprisonment for additional period of 6 months, *held* not to exceed maximum punishment of 60 days fixed by Hood Act, § 3, in view that maximum limit of imprisonment of 60 days is fixed in such act for first offense and not to limit additional imprisonment under Rev. St. § 980, providing that a person defaulting in payment of a fine shall be imprisoned for a period not exceeding one year.

**9. Fines ⬅1½—"Fine" defined.**

A "fine" is not a debt, but a sum expressly imposed in lieu or in addition to a term of imprisonment or as any part of punishment for an offense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fine.]

O'Niell, C. J., and Rogers, J., dissenting in part.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Thos. F. Porter, Jr., Judge.

Doras Hebert was convicted of manufacturing intoxicating liquor for beverage purposes, and he appeals. Affirmed.

Thomas Arthur Edwards, of Lake Charles, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Jr., Dist. Atty., and John J. Robira, Asst. Dist. Atty., both of Lake Charles (A. J. Bordelon, of Marksville, and T. S. Walmsley, of New Orleans, of counsel), for the State.

Cline & Plauche, of Lake Charles, amicus curiæ:

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. Appellant was convicted of manufacturing intoxicating liquor for beverage purposes, and was sentenced to pay a fine and be imprisoned. The record contains eight bills of exception, presenting seven complaints.

[1] The first complaint is that the district judge overruled appellant's plea to the jurisdiction of the court, based upon the fact that he had been indicted by the federal grand jury for a violation of the Volstead Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) in the same alleged transaction for which he was indicted and was about to be put on trial for violation of the Hood Law (Act 39 of Ex. Sess. 1921, p. 42). The plea was founded upon the idea that the prosecution in the federal court for an alleged violation of the Volstead Act, and in the state court for an alleged violation of the Hood Law, for one and the same alleged manufacturing of intoxicating liquor, violated the constitutional guaranty against a double prosecution for one offense.

The point was decided the other way, by the Supreme Court of the United States, in United States v. Vito Lanza et al., 260 U. S. 377, 43 S. Ct. 141, 67 L. Ed. 314.

The second complaint is that the judge refused to compel the district attorney to produce in court the intoxicating liquor which appellant was accused of having manufactured, and the apparatus which he was accused of having used.

[2] It is not essential to a valid conviction, for the offense of manufacturing intoxicating liquor for beverage purposes that either the liquor itself or the apparatus with which it was made should be offered in evidence or produced in court.

[3] The third complaint is that the judge overruled appellant's objection to the state's putting him on trial, or offering any evidence in the case, without first producing the search warrant on which his residence was searched.

The evidence on which the prosecution was based was obtained by federal officers, who searched plaintiff's premises under authority of a warrant from the federal court. There is no merit in the argument that the evidence obtained in that way was not admissible in the prosecution in the state court.

[4] The fourth complaint is that the district attorney was allowed to amend the bill of particulars which he had furnished in response to a motion by appellant's counsel, by changing the designation of the place where the intoxicating liquor was alleged to have been manufactured.

There are three reasons why the complaint is not serious. The change of location of the alleged manufacturing outfit was very slight in point of distance; the amendment of the bill was made before the trial had commenced; and the attorney for defendant did not ask for a continuance of the case, or announce that the amendment of the bill affected his defense in any way.

[5] The fifth complaint is that the judge overruled defendant's objection to going to

trial without an allegation, either in the indictment or in the bill of particulars, that the alleged manufacturing of liquor was done without a permit.

The charge that the defendant had manufactured the intoxicating liquor—whisky—unlawfully and for beverage purposes was sufficient to accuse him of one of the offenses denounced in the first paragraph of the first section of the statute. It is only when the accusation of manufacturing, selling or otherwise disposing of, transporting, delivering, possessing, importing, or exporting, of intoxicating liquor, is alleged to have been "for nonbeverage purposes," according to the second paragraph of the first section of the statute, that it is necessary to allege that the party accused was not "the holder of a legal permit therefor from proper federal authorities." The statute does not provide—or leave the inference—that a person might hold a permit to manufacture intoxicating liquor for beverage purposes.

[6] The sixth complaint is that the judge overruled an objection made by defendant's counsel to a question asked by the district attorney in cross-examining a defense witness, who had testified to the defendant's general reputation for good character. There were two such objections and rulings, with regard to different witnesses. The question was, in each instance, whether the witness had ever heard of the defendant's selling "shinny" in the neighborhood; and the answer, in each instance, was that the witness had heard of defendant's selling "shinny," but had not bought any of it. "Shinny," as we are informed, is a very intoxicating moonshine whisky; for which reason, the answer elicited by the district attorney's question was quite pertinent—coming from a character witness—in a prosecution for an alleged violation of the Prohibition Law.

[7] The seventh complaint is that the judge refused to give or announce, and be

governed by, the several so-called special charges requested by defendant's counsel. The requested charges, so called, were not propositions of law at all. They were statements or conclusions of what facts had or had not been proven. For that reason the judge's ruling was correct.

Our conclusion is that the verdict is correct. But the alternative sentence of imprisonment for 6 months, over and above the sentence of 60 days' imprisonment, first imposed, is in excess of the maximum penalty imposed by the statute, and is therefore invalid.

The language declaring what shall be the penalty—in the third section of the statute—is not as plain as it might be, except in so far as it makes the maximum penalty that can be imposed for the first offense, of manufacturing intoxicating liquors, a fine of $500 and imprisonment for 60 days, viz.:

"Sec. 3. That any person who shall violate the provisions of this act by manufacturing, or having in possession, for sale, or, by selling intoxicating liquors shall be guilty of a misdemeanor, and upon conviction for the first offense shall be fined not more than five hundred dollars ($500.00), and be imprisoned not less than ten days nor more than sixty days, and for the second or subsequent offense, shall be fined not less than one hundred dollars ($100.-00), nor more than one thousand dollars ($1,000.00), and be imprisoned not less than thirty days nor more than twelve months; and any person who shall otherwise violate the provisions of this act shall, upon conviction, be fined as herein above provided, or, may be imprisoned not exceeding the maximum limits herein above provided, or, may be both fined and imprisoned, at the discretion of the court."

It seems plain, therefore, that the penalty for manufacturing intoxicating liquor for sale, or for having it for sale, or for actually selling it, is both fine and imprisonment; whereas, the penalty for manufacturing intoxicating liquor for beverage purposes but not for sale, or the penalty for possessing it for beverage purposes but not for sale, may

be either fine or imprisonment, or both, at the discretion of the court.

This is the defendant's first offense, as far as the accusation and the proof go. The offense was manufacturing the whisky for beverage purposes, but not *for sale*. Therefore the maximum penalty for the offense was a fine not exceeding $500, or imprisonment for a term not less than 10 nor more than 60 days, or both the fine and imprisonment, within those limits, at the discretion of the court.

The reason why the Legislature left it to the discretion of the courts to impose as light a fine as the judge might deem just, either with or without a jail sentence, when the manufacturing or possessing of the liquor was not for sale, is obvious. In the first paragraph of section 4 of the statute, it is declared lawful for any one to possess intoxicating liquors, legally acquired, in his residence or place of abode, for his own enjoyment and that of his family, and for the entertainment of his guests. And, in the second paragraph of the same section, it is declared lawful for any householder to brew beer or to ferment wine for the family use and for the entertainment of guests. Whether it was wise or unwise for the Legislature to make those exceptions in the law is a matter which the courts are not officially concerned with. We mention the immunity given to the home brewers and fermenters, and to the possessors of private stock for the entertainment of guests, as showing that the Legislature did not intend to be as severe in the punishment of the maker or possessor of intoxicating beverages *not for sale*, as in the punishment of the lawbreaker who allows financial profit to reconcile his mind to infamy. Even as to him, the Legislature has limited the fine to $500, and the term of imprisonment to 6 months, for the first offense.

That discussion, however, is somewhat beside the question in this case, because the appellant was convicted of manufacturing the whisky only for beverage purposes, not for sale. For that offense, the judge had the authority and discretion to impose the fine not exceeding $500 or the imprisonment for a term not less than 10 nor more than 60 days, or to impose both the fine and imprisonment, within the limits—or to the limit —but not beyond.

No explanation has been given for the alternative sentence of imprisonment beyond the maximum term fixed by the statute. It is said in the brief of the learned counsel for appellant that he assumes that the judge relied upon the Act 51 of 1906, p. 85. But that cannot be so, because the statute does not purport to deal with the length of prison terms. It merely declares that every sentence of imprisonment in a parish jail, or without specification as to the place of imprisonment, "shall mean imprisonment with hard labor," etc., viz.:

"That in all criminal prosecutions, where any person is sentenced to imprisonment, or to imprisonment in default of the payment of the fine imposed, whether in the parish jail, or without qualification as to the nature of such imprisonment; or where any person is sentenced to imprisonment in default of the payment of the fine imposed for the violation of any valid ordinance of any of the political subdivisions of the state, such imprisonment shall mean imprisonment with [hard] labor; and every person so sentenced, if not put to work under the provisions of Act No. 29 of 1894, as amended by Act No. 46 of 1902, shall be required to work on the public roads, streets, or levees of the parish or municipality responsible for the costs of the prosecution of such person, or within the walls of the jail, under such rules and regulations as shall be prescribed by the police jury or city council of such parish or municipality."

We assume that the judge, in this case, interpreted section 980 of the Revised Statutes as allowing him to impose an alternative sentence of imprisonment not exceeding one year, over and above the maximum punishment allowed by the statute which was violated. Our opinion is that section 980 of the

Revised Statutes, putting a maximum limit of one year on the term of imprisonment that may be imposed as an alternative sentence, or in default of the payment of a fine, is applicable only when the statute imposing the fine does not itself say that an alternative sentence of imprisonment, of a certain limit, may be imposed. Section 980 provides:

"Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year."

Surely that general provision in the law cannot prevail over a particular provision in a subsequent statute, declaring that, for the violation of that particular statute, the penalty of imprisonment shall not exceed 60 days—and shall be not less than 10 days— whether it be imposed in addition to or as an alternative, or, in default, of a fine not exceeding $500. It is not possible that section 980 of the Revised Statutes prevents the Legislature from enacting a law declaring that the maximum term of imprisonment, as an alternative penalty, in default of payment of a fine, for the violation of that law shall be less than one year.

There is nothing inconsistent in the Legislature's saying—as it does say in section 980 of the Revised Statutes—that, whenever a person is sentenced to pay a fine, he shall, in default of payment of the fine, be imprisoned for a term not exceeding one year, and then saying, in the Act 39 of 1921, that, for a violation of this act, the penalty of imprisonment shall not exceed 60 days, whether it be imposed as an alternative sentence, in default of the fine, or be imposed in addition to the fine (which shall not exceed $500).

If—this being the defendant's first offense —the judge had given him an alternative sentence, as the judge had the right to do, by sentencing him to pay a fine fixed by the judge (not over $500), or to be imprisoned in default thereof, the judge could not have made the term of imprisonment longer than 60 days. That is certain, because the statute, in very plain language, says that the penalty of imprisonment shall not exceed 60 days, whether it be imposed as an alternative, in default of payment of a fine, or in addition to a fine—not exceeding $500. If the judge intended that the defendant should serve a term in prison—fine or no fine—and that he should also be given an inducement to pay a fine, the judge might have fined him and sent him to jail for a term less than 60 days, and, at the same time, sentenced him to imprisonment for the remainder of the 60 days, or for any part thereof, in default of his paying the fine.

The sentence in this case is, not a fine of $500 or imprisonment for 60 days, or even a fine of $500 *and* imprisonment for 60 days. The sentence is that the defendant shall be imprisoned for 8 months in default of his paying a fine of $500, and that he shall be imprisoned only 60 days in the event of his paying the $500.

There are three adjudged cases analogous to the case before us. State ex rel. Taquino v. Arnauld, Recorder, 49 La. Ann. 104, 21 So. 177; State v. Voss, 49 La. Ann. 444, 21 So. 596, 62 Am. St. Rep. 653; and State ex rel. Daubert v. Recorder, 52 La. Ann. 1079, 27 So. 589.

Act 41 of 1890, p. 33, authorized the city of New Orleans, through its recorders, to enforce obedience to the city's ordinances "by fine or imprisonment, or both, or by imprisonment in default of the payment of the fine; provided, that the fine shall not exceed twenty-five dollars for each offense, nor the imprisonment [be] more than thirty days," etc.

In State ex rel. Taquino v. Arnauld, Recorder, supra, the relator was convicted of a violation of Ordinance No. 12755, the penalty for which was—

"A fine not to exceed twenty-five ($25) dollars or imprisonment in the parish prison for

a term not to exceed thirty (30) days, or both, or imprisonment in said parish prison for a term not. to exceed thirty (30) days in default of the payment of said fine; provided, that the fine shall not exceed twenty-five ($25) dollars for each offense nor the imprisonment [be] more than thirty (30) days."

Under the language of the ordinance and in view of section 980 of the Revised Statutes, the recorder gave a sentence somewhat like the sentence imposed in the case before us. We quote from the decision, viz.:

"The sentence imposed upon relator was to pay a fine of $25, and to be imprisoned for 30 days in the parish prison, and, in default of the payment of the fine, to be imprisoned an additional 30 days."

The court annulled the extra or excessive sentence, saying:

"The additional imprisonment for nonpayment of the fine, added to that imposed for violation of the ordinance, cannot exceed thirty days."

In State v. Voss, supra, the defendant was convicted of violating an ordinance forbidding lotteries, and imposing a penalty similar to that imposed by the ordinance violated in the Taquino Case. Voss was sentenced to pay a fine of $25 and be imprisoned for 10 days, and, in default of payment of the fine, to be imprisoned for an additional term of 20 days—the remainder of the maximum term allowed by the statute. This court affirmed the sentence, saying that the statute was "saved by the proviso limiting the fine to $25 and *all* imprisonment to 30 days."

The same question came up in State ex rel. Daubert v. Recorder, 52 La. Ann. 1079, 27 So. 589, where the relator was sentenced to pay a fine of $25 and to serve 5 days in prison, and, in default of payment of the fine, to serve an additional 25 days in prison. This court affirmed the sentence, on the ground that both the absolute sentence of imprisonment and the alternative sentence, added together, did not exceed the maximum term fixed in the ordinance or by the statute authorizing it.

The ruling made in Mayor and Selectmen of the Town of Homer v. Blackburn, 27 La. Ann. 544, is also very much in point.

There is an earlier case, State v. Jumel, 13 La. Ann. 399, where the court used language which we cannot reconcile with the subsequent rulings or with our own opinion, and which must therefore be considered overruled. The same may be said of the ruling in State ex rel. Courrege v. Mayor, 50 La. Ann. 45, 23 So. 92, so far as it is pertinent.

In State v. Authement, 139 La. 1070, 72 So. 739, the defendant was convicted of an offense for which the penalty was a fine not less than $100 nor more than $5,000, or imprisonment in jail for a term not less than 90 days nor more than 2 years, or both the fine and imprisonment, at the discretion of the court. See section 24 of Act 189 of 1910, p. 302. He was sentenced to pay a fine of $301 or be imprisoned for the minimum term of 90 days. The question was whether this court had jurisdiction—whether the fine was actually imposed. We concluded that the fine was actually imposed, notwithstanding it was only an alternative sentence. But the writer of the opinion in the case assumed that the alternative penalty of imprisonment for 90 days—even though it was the minimum term fixed by the statute which was violated—was not imposed under authority of the statute which was violated, but was imposed under authority of section 980 of the Revised Statutes. The section of the Revised Statutes, however, could not possibly have controlled the judge in fixing the sentence, because the statute which was violated fixed the maximum term of imprisonment twice as long as the maximum term fixed by section 980 of the Revised Statutes. The following expression in the opinion, therefore, was founded upon the presumption—which we are constrained to say was

not substantial—that the alternative sentence of 90 days' imprisonment was imposed, not under authority of the statute that was violated, but under authority of section 980 of the Revised Statutes, viz.:

"The pronouncing of this alternative sentence at that time, or, as one might say, thus anticipatorily, is done as a mere matter of convenience; in reality the case is ripe for this alternative sentence, only after the accused has failed to pay the fine, and the recovery of it out of his property has been found to be impracticable."

The dissertation which we have quoted was not essential to the ruling·and is therefore not authoritative.

The verdict appealed from is affirmed; the sentence to pay a fine of $500 and costs, and to be imprisoned 60 days, is affirmed; the additional sentence of imprisonment for 6 months in default of payment of the fine is annulled.

LAND, J. (dissenting). The defendant is charged with unlawfully manufacturing intoxicating liquors for beverage purposes. He was convicted and sentenced to pay a fine of $500 and to imprisonment in jail for 60 days, and, in default of the payment of fine, it was ordered that defendant be imprisoned for an additional period of 6 months.

That part of the sentence of the lower court inflicting the additional imprisonment was set aside in this case, upon the ground that it exceeded the maximum punishment of 60 days fixed by section 3 of the Hood Act, Act 39 of 1921, Extra Session.

In my opinion, this ruling is clearly erroneous, for the reason that said section of said act does not pretend to fix any punishment at all *in default of payment of the fine* which may be imposed under said section. The maximum imprisonment fixed by said act at 60 days is not *an alternative imprisonment* to be imposed *in default of payment of the fine*, but is a primary imprisonment to be imposed *in addition to the fine*, for the violation of the act. This is made clear by the language of section 3 of said act, which is as follows:

"That any person who shall violate the provisions of this act by manufacturing * * * for sale * * * intoxicating liquors shall be guilty of a misdemeanor, and upon conviction for the first offense shall be fined not more than five hundred dollars ($500.00), *and* be imprisoned not less than ten days nor more than sixty days * * * and any person who shall *otherwise* violate the provisions of this act shall, upon conviction, be fined as hereinabove provided [not more than $500], *or*, may be imprisoned not exceeding the maximum limits herein above provided [not more than sixty days], or, may be both fined *and* imprisoned, at the discretion of the court."

The phrase, "otherwise violate the provisions of this act," as relates to the offense of manufacturing, refers to manufacturing intoxicating liquors *"for beverage purposes."*

While section 3 of this act makes the manufacturing *"for sale"* of intoxicating liquors punishable necessarily by both fine *and* imprisonment, it permits the trial judge to fine *or* imprison, or to fine *and* imprison at his discretion, in all cases where the manufacturing of intoxicating liquors is *"for beverage purposes."*

It is evident, therefore, that when the trial judge sees fit so to do, he may fine *and* imprison for manufacturing intoxicating liquors "for beverage purposes," as well as in cases of manufacturing "for sale"; the limit of fine and imprisonment being the same in both cases under section 3 of said act.

The maximum limit of imprisonment of 60 days was fixed in said act for the first offense, not for the purpose of limiting additional imprisonment, *under* section 980 of the Revised Statutes, in default of payment of fine, but merely to limit the imprisonment which might be imposed *under* the Hood Act for its violation in the first instance.

In obedience to the requirements of former Constitutions the Legislature has graded mis-

demeanors and minor offenses in many cases, fixing the minimum and maximum limits of fine and imprisonment in the respective acts; but that the object of such grading was not to repeal or affect section 980 of the Revised Statutes is made evident by the fact that this section remains to-day intact in the Revised Statutes of this state; its sole object being to supply an alternative sentence when omitted from any criminal statute.

Section 980 of the Revised Statutes of 1870 provides that—

"Every person *being adjudged* to pay a fine, *shall, in default of payment or recovery thereof, be sentenced to be imprisoned* for a period not exceeding one year."

The very purpose of this section of the Revised Statutes is to provide for the enforcement of the payment of fines, in all cases where an act fails to provide for a period of imprisonment, in default *of the payment of a fine imposed under the act.* If a criminal statute fails to fix its own alternative punishment, it is clear, therefore, that such omission is not to be interpreted as excluding such additional punishment, merely because a maximum limit for imprisonment is established in such statute. To exclude such alternative punishment, a statute must either prescribe such punishment itself, or plainly disclose that none shall be inflicted, as the general law in the Revised Statutes applies in all cases, unless otherwise provided in the particular act.

In the case of State v. Abraham, 139 La. 468, 71 So. 769, Mr. Chief Justice Monroe, as the organ of the court, in commenting upon section 980 of the Revised Statutes, said:

"Probably the vast majority of offenders against the criminal laws are without visible assets through which the fines imposed upon them could be collected, and, if no means were provided for enforcing their collection, the sentence to pay a fine would be, in their ears, but as the tinkling cymbal and sounding brass. What the law has done, therefore, has been to provide that a fine shall be actually imposed, *and, in order that it shall be actually paid, has made the further provision that, if it be not paid, the convict shall be subjected to something worse, because of his default.* That view of the matter has, apparently, been accepted by the lawmakers, the courts, and the bar during the greater part of the past century."

It is true that the Legislature could have provided in the Hood Act that, in default of the payment of the fine, the convicted person should be imprisoned in the parish jail not more than 60 days. But the Legislature has failed to do so. This, however, is no legal or good reason why convicted persons should evade the payment of such fines, as section 980 of the Revised Statutes was enacted to supply a means of enforcing payment of a fine by imprisonment, in all cases in which a criminal statute of the state has omitted to provide for such enforcement by an alternative sentence. In such cases a criminal statute must be construed in reference to, and enforced under, section 980 of the Revised Statutes, as to payment of the fine, unless otherwise provided in such statute. I know of no authority for splitting the primary imprisonment in a criminal statute into halves, or other fractions, in order to include under such imprisonment, and thereby enforce, the payment of a fine, in the absence of provision for an alternative period of imprisonment in the statute.

A "fine" is not a debt. It is a sum expressly imposed in lieu of, or in addition to, a term of imprisonment, or as any part of the punishment for an offense. State v. Brannon, 34 La. Ann. 946; State v. Joseph, 137 La. 53, 68 So. 211; State v. McGuire, 152 La. 953, 94 So. 896.

The fine of $500 which has been imposed in this case is not in lieu of a term of imprisonment, but it is *in addition* to the term of imprisonment, *and a part of the punishment* for the offense of manufacturing intoxicating liquors. Can it be seriously contended that the Legislature, after providing

for punishment, both by fine *and* imprisonment, should have intended to relieve the person convicted under the Hood Act of that part of the punishment covered by the fine?

The Hood Act has completely failed to provide any additional punishment for the default in the payment of the fine, and such punishment must therefore be found under section 980 of the Revised Statutes.

It is inconceivable to my mind that the Legislature should permit a fine as high as $500 to be imposed under the Hood Act, and, in addition to this fine, should provide imprisonment only for the light maximum limit of 60 days, and should have then intended to include in that petty term of incarceration *the full* punishment, both for the imprisonment actually inflicted, and also for the default in the payment of a fine, which is so large as to be out of all proportion to a jail sentence so insignificant as a penalty, even if inflicted as a punishment for the fine alone.

The Legislature of 1921 was well aware of the existence of section 980 of the Revised Statutes providing for imprisonment in default of payment of fine, and if it had been the intention of the lawmaking body to have excepted the Hood Act from the operation of that section of the Revised Statutes, a provision would have been inserted unquestionably in said act fixing the limit of imprisonment in default of payment of fine; but this has not been done. The penalty for default in payment of fine in such cases has been left by the Legislature under section 980 of the Revised Statutes.

The Legislature of 1921, however, was careful to place specific provisions in the Hood Act relative to the punishment for second and subsequent violations, and to except that act from the operation of section 974 of the Revised Statutes, a general law, by providing in said act a punishment for all second and subsequent violations, different from that contained in said section.

When an act makes no express provision for imprisonment in default of payment of a fine, such act cannot be said to be in conflict with section 980 of the Revised Statutes, nor can it be logically contended that such section does not apply, as said section applies only in case of the failure of an act to contain a provision for an alternative punishment, when a fine is not paid.

It is to be observed that the additional imprisonment imposed under section 980 of the Revised Statutes is not a primary punishment under the Hood Act, or any other act, but it is a remedial statute, enacted and intended solely to enforce the payment of a *fine already imposed* as a penalty under an act, when such act has failed so to do.

The maximum limit of 60 days' imprisonment which may be imposed under the Hood Act is not an imprisonment in default of payment of the fine, but a primary imprisonment under the act itself, and is independent of and *in addition to* the fine. How then can it be seriously contended in this case that such maximum limit of imprisonment was intended to exclude punishment for default in payment of the fine?

Under this section of the Revised Statutes, this court has repeatedly held in liquor cases that imprisonment for a period not exceeding one year may be inflicted, in default of payment of fine, in addition to the imprisonment prescribed by the statute. State v. Williamson et al., 133 La. 1052, 63 So. 515; State v. Boulanger, 134 La. 13, 63 So. 607; State v. Hollingsworth, 134 La. 555, 64 So. 409; State v. Payne, 134 La. 269, 63 So. 899.

This is the settled jurisprudence of this state, and I find nothing contained in the Hood Act in conflict therewith, as said act does not include any alternative punishment in default of payment of the fine, nor does its language purport in any way to amend or repeal section 980 of the Revised Statutes.

The effect of the opinion of the court in this case is not only to take "the teeth" out

158 LA.—8

of the state prohibition enforcement act, but it goes much further, and affects the efficient enforcement of other statutes of the state of a similar character, by virtually repealing section 980 of the Revised Statutes, and thereby making it legally impossible to enforce the collection of any fine imposed under a criminal statute in this state, unless such statute itself should expressly provide for imprisonment in default of payment of the fine.

This provision has been left out of many of the criminal statutes of the state by the Legislature, because, in its absence, section 980 of the Revised Statutes, a general law, provided for the enforced collection of fines by imprisonment in default of payment.

The decision in this case renders less efficient the enforcement of all graded misdemeanors and minor offenses, because the acts in such cases have necessarily fixed the maximum fine, in obedience to the constitutional mandate.

The judgment in this case is, in my opinion, clearly erroneous and should be annulled and set aside.

I therefore respectfully dissent.

### On Rehearing.

**By the WHOLE COURT.**

DAWKINS, J. [8, 9] This case having been heard on rehearing by the entire court, we have concluded to adopt the views expressed in the dissenting opinion of Mr. Justice LAND handed down when the case was first heard before division A, as they appear more nearly in accord with the jurisprudence. In doing so, we also wish to point out the differentiating features of the cases cited by the Chief Justice, in support of the conclusion reached in the opinion delivered by division A. The three cases cited and relied upon by the Chief Justice are: State ex rel. Tarquino v. Arnauld, Recorder, 49 La. Ann. 104, 21 So. 177; State v. Voss,

49 La. Ann. 444, 21 So. 596, 62 Am. St. Rep. 653; and State ex rel. Daubert v. Recorder, 52 La. Ann. 1079, 27 So. 589.

In Tarquino's Case the accused was charged with violating an ordinance of the city of New Orleans, the penal provision of which reads as follows:

"That whoever shall violate the provisions of *this ordinance shall, upon conviction before the recorder within whose jurisdiction the offense is committed, be condemned by said recorder to pay a fine not to exceed twenty-five* ($25.00) dollars, *or imprisonment in the parish prison for a term not to exceed thirty days, or both, or imprisonment in said parish prison for a term not to exceed thirty (30) days in default of the payment of said fine; provided that the fine shall not exceed twenty-five ($25.00) dollars for each offense nor the imprisonment more than thirty (30) days.*"

The sentence imposed was to pay a fine of $25 and to serve 30 days in jail, and in default of paying the fine to 30 days additional imprisonment. This court simply held that the ordinance itself had in express terms, as indicated by the portions italicized above, limited the maximum period of imprisonment to 30 days.

In State v. Voss, 49 La. Ann. 444, 21 So. 596, 62 Am. St. Rep. 653, the ordinance under which Voss was prosecuted contained practically the identical provision quoted above in the Tarquino Case; but there the judge had imposed a sentence of $25 and 10 days' imprisonment, and in default of paying the fine 20 days more. It was held that the limits of the ordinance had not been exceeded. The defendant had attacked the said penal section, claiming that it was ultra vires and illegal, because it permitted a greater imprisonment than 30 days for violating an ordinance of the city of New Orleans, and which was the limit fixed by the statute of the Legislature; and the court quotes the very language italicized above as fixing this limitation by the ordinance itself in conformity with the act.

And in State ex rel. Daubert v. Arnauld, the

recorder had imposed a fine of $25 and 5 days in jail, with additional jail sentence of 25 days in default of paying the fine. The court held, as in Tarquino's Case, the maximum imprisonment could not exceed 30 days, because the statute (143 of 1898) authorizing the city council to pass penal ordinances permitted punishment "by fine and imprisonment, or both, or by imprisonment in default of the payment of the fine," but in no case is the fine to exceed $25 and the imprisonment, all told, to exceed 30 days.

It will be noted that in all three cases both the statute in its limitation, and the ordinances, make specific provision for the failure to pay the fine, but expressly limit the imprisonment under all circumstances to 30 days.

In the case now before this court, involving the interpretation of section 3 of Act No. 39 of 1921, no such alternative to enforce payment of the fine is found in the statute. Nor is there any such express limitation as appears in the ordinances and statutes considered in the cases just above referred to. Hence we think the lower court was correct in resorting to Rev. St. 980, in imposing an alternative jail sentence for failure to pay the fine.

For the reasons assigned, our former decree is set aside, and the conviction and sentence appealed from are affirmed.

O'NIELL, C. J. (dissenting). Writing a dissenting opinion cannot change the result in this case because the court did not reserve to the defendant the right to apply for a rehearing, when the case was decided against him, on the rehearing that was granted to the state. But the court's ruling in the case, with regard to section 980 of the Revised Statutes, seems to me so very wrong that I am impelled to do what I can to see it corrected some day.

In the first opinion handed down in this case, I failed to cite the decision in State v. Ryder, 36 La. Ann. 294; and it was also overlooked by the court and council while the case was pending on rehearing. I believe that the court would have followed the ruling in that case if we had been reminded of it before the ruling in this case became final. Ryder was convicted of the crime of inflicting a wound less than mayhem, and was sentenced to pay a fine of $500 and to be imprisoned for the term of 2 years, "and in default of said fine at the expiration of said sentence, to suffer additional imprisonment at hard labor in the state penitentiary for one year, and to pay all costs." This court held that the sentence of imprisonment was illegal in so far as the term exceeded the maximum term allowed by the statute denouncing the crime of inflicting a wound less than mayhem. The court said:

"The legality of the sentence quoted above is denied.

"Section 794, R. S., provides:

"'Whoever shall, with a dangerous weapon or with intent to kill, inflict a wound less than mayhem upon another person, shall, on conviction, be imprisoned not exceeding two years nor less than six months, with or without hard labor, and be fined not exceeding one thousand dollars.'

"Section 980, R. S., provides that:

"'Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year.'

"The first section limits the term of imprisonment within two years and leaves it discretionary with the judge to make it with or without hard labor.

"Of course, if this section stood alone, the sentence in question would be excessive and unwarranted.

"Is there anything in the last section [meaning 980 R. S.] that authorizes the judge to inflict a punishment, for this offense and for non-payment of the fine, of more than two years' imprisonment at hard labor? Unless the last provision furnishes a clear warrant for such punishment, beyond two years—the extreme limit declared in the first section mentioned—it cannot prevail against the positive declaration of the first. Criminal statutes, especially those providing or declaring the penalties of the law, must be strictly construed."

In the opinion handed down by Justice DAWKINS, in this case, it is said that the court has adopted the dissenting opinion that was handed down by Justice LAND, and that the court desired also "to point out the differentiating features of the cases cited by the Chief Justice in support of the conclusion reached in the opinion delivered by Division A." Justice DAWKINS quotes the penal clause of the ordinance that was violated in one of the three cases which I referred to (which were all alike), to show that the ordinance itself put a limit upon the fine and the term of imprisonment that could be imposed for a violation of it. In that respect, there was no difference between the ordinance and the Hood Act, except that the language of the ordinance was redundant. It declared—as quoted by Justice DAWKINS—that the penalty was a fine not exceeding $25 or imprisonment for a term not exceeding 30 days, or both the fine and imprisonment, and then it repeated:

"Or imprisonment in said parish prison for a term not to exceed thirty (30) days in default of the payment of said fine; provided that the fine shall not exceed twenty-five ($25) dollars for each offense, nor the imprisonment more than thirty (30) days."

The writer of the ordinance, manifestly, having made it complete, was yet determined to work in exactly the language of the statute (Act 41 of 1890, p. 33, limiting the city's power of enforcing ordinances), which was itself somewhat redundant, viz.:

"By fine or imprisonment, or both, or by imprisonment in default of the payment of the fine; provided, that the fine shall not exceed twenty-five dollars for each offense, nor the imprisonment [be] more than thirty days, as provided by section 12 of Act 131 of 1877."

The expression "or by imprisonment in default of the payment of the fine," after the statement "by fine or imprisonment, or both," is sheer tautology. It means simply that the penalty shall be a fine not exceeding $25 or imprisonment for a term not exceed-ing 30 days, or both the fine and imprisonment, within those limits, in the discretion of the judge. The language cannot have any other meaning.

In this case, also, the statute (section 3 of Act 39 of 1921, as quoted in my original opinion and in Justice LAND'S dissenting opinion) limits the term of imprisonment that may be imposed in default of the payment of the fine.

The statute is very plain in this respect—and we all agree upon it—that, for violating the statute, otherwise than by selling intoxicating liquor, or manufacturing or having it for sale, the guilty party shall be fined not more than $500, or be imprisoned for a term not less than 10 nor more than 30 days, "or may be both fined and imprisoned," within those limits, "at the discretion of the court."

I adhere to our original ruling, that section 980 of the Revised Statutes, declaring that every person condemned to pay a fine shall, in default of payment or recovery of the fine, be sentenced to imprisonment for a term not exceeding a year, does not apply to a case where the statute that is violated fixes or limits the term of imprisonment which may be imposed as a penalty for that particular offense. Section 980 is applicable to those cases only where the statute itself, or ordinance, imposing a fine, does not provide for imprisonment, or limit the term of imprisonment, to be suffered in default of the payment of the fine. We had such a statute before us in State v. George Kilshaw (No. 26968) ante, p. 203, 103 So. 740, where the Act 12 of 1870 (section 2), without providing for any term of imprisonment for the first offense, declared:

"Whoever shall keep a banking game * * * shall, on conviction for the first offense, be fined not less than one thousand nor more than five thousand dollars," etc.

In a case like that, of course, the guilty party might be imprisoned for a term not exceeding a year, under section 980 of the

Revised Statutes, as a means of coercing the payment of the fine. But when, as in this case, the statute declares that the penalty for a violation of it shall be a fine not more than $500 or imprisonment for a term not less than 10 nor more than 60 days, or both the fine and imprisonment within those limits, the court cannot impose the limit of both the fine and imprisonment and then add another year of imprisonment to be suffered in default of the payment of the fine.

In the dissenting opinion of Justice LAND, which the court has adopted on rehearing, it is said:

"It is true that the Legislature could have provided in the Hood Act that, in default of the payment of the fine, the convicted person should be imprisoned in the parish jail not more than sixty days. But the Legislature has failed to do so."

I suppose that the learned justice sees a distinction—though I do not see any difference or distinction—between saying that the penalty shall be a fine not exceeding $500 or imprisonment for a term not exceeding 60 days, and saying that the penalty shall be a fine not exceeding $500 or, in default thereof, imprisonment for a term not exceeding 60 days. The expression "in default of the payment of the fine," or "in the alternative," does not add to or change the meaning of a statute that declares that the penalty for violating it shall be a fine not exceeding so many dollars or imprisonment for a term not exceeding so many months, or both the fine and imprisonment within those limits, at the discretion of the court. If Justice LAND and the justices who have adopted his opinion agreed with me in that respect, the original opinion that was rendered in this case would have remained the opinion of the court; for it is in that respect only that Justice LAND, in his dissenting opinion, did not agree with the members of division A of the court. In order to emphasize that that is the only difference of opinion in this case, I shall quote from the dissenting opinion, which has been adopted as the majority opinion of the court, several excerpts which leave no doubt about its import.

On the second page of the opinion (103 So. 747[1]) it is said, of section 980 of the Revised Statutes, "Its sole object being to supply an alternative sentence when omitted from any criminal statute."

My answer to that is that the statute in this case does provide an alternative sentence of fine not exceeding $500 or imprisonment for a term not less than 10 nor more than 60 days.

On the fourth page of the opinion (103 So. 748, ante, p. 224) the question is asked:

"Can it be seriously contended that the Legislature, after providing for punishment, both by fine *and* imprisonment, should have intended to relieve the person convicted under the Hood Act of that part of the punishment covered by the fine?"

A convicted person is not *relieved* who gets the full limit of penalty—both fine and imprisonment. The idea seems to be that, when a judge, instead of imposing a fine or imprisonment, in the alternative, imposes both the fine and imprisonment to the full limit allowed by the statute, he ought to be allowed to impose additional punishment, in the way of imprisonment for a term not exceeding a year, in default of payment of the fine, or as a penalty for nonpayment of the fine. I do not subscribe to that.

On the same page of the opinion it is said:

"It is inconceivable to my mind that the Legislature should permit a fine as high as $500 to be imposed under the Hood Act, and, in addition to this fine, should provide imprisonment only for the light maximum limit of 60 days, and should have then intended to include in that petty term of incarceration *the full* punishment, both for the imprisonment actually inflicted, and also for the default in the payment of a fine, which is so large as to be out of all proportion to a jail sentence so insignificant

[1] Ante, p. 223.

as a penalty, even if inflicted as a punishment for the crime alone."

I would not consider 60 days in prison a "petty term of incarceration." I do not regard a fine of $500 as being "so large as to be out of all proportion to a jail sentence so insignificant as a penalty." I dare say 99 out of every 100 American citizens would rather pay a fine many times $500, if they had it, than to suffer the misery and disgrace of imprisonment in a jail for 60 days, subject to work on the public streets and roads. I doubt that any man in Louisiana who could possibly put up a fine of $500 has ever, as a matter of preference, suffered imprisonment in jail for 60 days.

On the fifth page of the opinion (103 So. 748, ante, p. 225) it is said:

"When an act makes no express provision for imprisonment in default of payment of a fine, such act cannot be said to be in conflict with section 980 of the Revised Statutes, nor can it be logically contended that such section does not apply, as said section applies only in case of the failure of an act to contain a provision for an alternative punishment, when a fine is not paid."

When a statute declares that the penalty for a violation of it shall be a fine of so many dollars or imprisonment for so many days or both the fine and imprisonment within the limits stated, at the discretion of the court, that in itself makes an "express provision for imprisonment in default of payment of the fine." I have never seen nor heard of a statute making any further provision for imprisonment in default of payment of the fine.

Of the four decisions cited in the dissenting opinion of Justice LAND, I find only two of them pertinent to the question in this case; and, even in those two cases, the question that is now presented was not up for decision. State v. Brannon, 34 La. Ann. 942, holds merely that section 980 of the Revised Statutes cannot be invoked to coerce the payment of the costs in a criminal case, when no fine is imposed. State v. Joseph, 137 La. 52, 68 So. 211, is authority for the proposition only that a fine is not a debt. In State v. Abraham, 139 La. 466, 71 So. 769, the only matter before the court was a motion to dismiss the appeal, for want of jurisdiction. And the motion was overruled. The sentence imposed, for selling intoxicating liquor without a license, was $305 and costs, "and, in default of paying said fine," imprisonment for two months. The penalty allowed by the statute was a fine not less than $100 nor more than $500, and, in default of payment of the fine and costs, imprisonment within the discretion of the court, or both fine and imprisonment, at the discretion of the court. The court took occasion to say that the sentence that was imposed was within the penalties prescribed by the statute that was violated, without regard to section 980 of the Revised Statutes. The excerpt which Justice LAND has taken from the opinion, with regard to the scriptural tinkling cymbal and sounding brass, is not pertinent to the question on which we disagree in this case. The fourth and last decision cited in Justice LAND's dissenting opinion, State v. McGuire, 152 La. 953, 94 So. 896, was written by him. I did not take part in the decision, for the reason that I was then in Rio de Janeiro, representing the state at the Centennial Celebration. McGuire was prosecuted for a second offense of having intoxicating liquor in his possession for beverage purposes, and, on conviction, was sentenced to pay a fine of $1,000 and be imprisoned for 4 months, and to work on the public works, and, in default of payment of the fine, to serve an additional term of 12 months in prison. He did not urge the point, or make the complaint, that the statute itself limited the penalty, for the second offense, to the fine of $1,000 and the imprisonment for 4 months, and that section 980 of the Revised Statutes was therefore not applicable. The complaint was—as copied in the published opinion—

that the fine of $1,000 and imprisonment for 4 months was "excessive and violative of the Constitution"; and that "the alternative of 16 months' imprisonment and to work on the public roads or works of the parish" was "'cruel and unusual punishment' and forbidden by the state and federal Constitution." What was said by Justice LAND in that case, with regard to section 980 of the Revised Statutes, was not decisive of the question now before the court, because the question was not then at issue.

There is nothing peculiar in the provisions of the Hood Act that makes section 980 of the Revised Statutes not applicable to this case, any more than there is in any other statute that limits the term of imprisonment that may be imposed as a penalty for a violation of it.

I adhere to the original opinion handed down in this case.

ROGERS, J., concurs.

=====

(103 So. 752)