(103 So. 752)

No. 26316.

## STATE v. GEAREN.

(April 30, 1924. Rehearing Denied by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

Criminal law ⇐⇒1159(2)—Supreme Court has no power to determine sufficiency or weight of evidence.

Supreme Court has no power to determine sufficiency or weight of evidence.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Thos. F. Porter, Jr., Judge.

George Gearen was convicted for possessing intoxicating liquors, and he appeals. Affirmed.

Rehearing denied by the WHOLE COURT; O'NIELL, C. J., and ROGERS and BRUNOT, JJ., dissenting.

Thos. Arthur Edwards, of Lake Charles, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Dist. Atty., of Lake Charles, and John J. Robira, Asst. Dist. Atty., of Jennings (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

DAWKINS, J. Defendant appeals from a conviction and sentence for possessing intoxicating liquors. The judge below ordered that he be imprisoned 60 days and pay a fine of $500 and costs; and, in default of paying fine and costs, that he be confined in jail for an additional period of 6 months.

We are asked to review the case upon one bill of exception, and that was to the overruling of a motion for new trial. The first ground of the motion was:

"That no direct proof was made that defendant had possessed or used the liquor in question for beverage purposes."

This is disposed of by the statement per curiam that the evidence, circumstantial and otherwise, did show that defendant possessed the liquor for that purpose; and, of course, we have no power to determine the sufficiency or weight of the evidence.

The remaining point involves the same question as the case of State v. Hebert (No. 26165) ante, p. 209, 103 So. 742, recently decided by this court on rehearing, as to whether an alternative jail sentence can be imposed under section 980, R. S., for the failure to pay the fine, where, in the same sentence, the court has given the maximum of imprisonment (60 days under Act 39 of Ex. Sess. 1921) as a direct penalty. For the reasnos announced on rehearing in the Hebert Case, we think the ruling below was correct.

Judgment affirmed.