(103 So. 753)

No. 26352.

STATE v. Grover C. and Laurence TALBOT.

In re Grover C. and Laurence TALBOT, Applying for Writs of Certiorari and Prohibition.

(May 5, 1924. Rehearing Denied by Whole Court June 6, 1924.)

Rehearing denied by the WHOLE COURT; O'NIELL, C. J., and ROGERS and BRUNOT, JJ., dissenting.

Moss, Moss & Ware, of Winnfield, for relators.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. The two defendants were convicted of selling intoxicating liquors for beverage purposes, and each was sentenced to pay a fine of $100 and costs and to serve 60 days in jail, and in default of paying the fine and costs an additional imprisonment of 12 months was imposed.

The complaint is that the alternative imprisonment exceeds the maximum imprisonment authorized by Acts 39 of Ex. Sess. 1921.

In the case of State v. Doras Hebert (No. 26165 on the docket of this court) ante, p. 209, 103 So. 742, recently decided on rehearing, we said:

"In the case now before this court, involving the interpretation of section 3 of Act 39 of 1921, no such alternative to enforce payment of the fine is found in the statute. Nor is there any such express limitation as appears in the ordinances and statutes considered in the cases just above referred to." State ex rel. Taquino v. Arnauld, 49 La. Ann. 104, 21 So. 177; State v. Voss, 49 La. Ann. 444, 21 So. 596, 62 Am. St. Rep. 653; and State ex rel. Daubert v. Recorder, 52 La. Ann. 1079, 27 So. 589. "Hence we think the lower court was correct in resorting to R. S. § 980, in imposing an alternative jail sentence for failure to pay the fine."

The foregoing ruling is decisive of the question presented in this application.

For the reasons assigned in the Hebert Case, the writs herein issued are recalled and the application of relators is dismissed.