ROGERS, J.
 

 This is defendant’s second appeal from a conviction and sentence for transporting liquor for beverage purposes. The first conviction and sentence was set aside and the case remanded, in order to give defendant an opportunity to have the alleged intoxicating liquor produced in open court so that he might have it analyzed to determine its alcoholic content.' See State v. Lowery, 160 La. 811, 107 So. 583.
 

 The present appeal is before us on two bills of exception contained in the transcript and an assignment of errors filed in this court on the day the case was argued and submitted.
 

 The issues tendered by the bills of exception, briefly stated, are that the transportation clause of Act 39 of 1921 (Ex. Sess.) is unconstitutional because it neither defines nor describes the transportation which is prohibited; that the prosecution failed and neglected to deliver the alleged intoxicant in the same condition it was in on the former trial, for the reason that it had been turned over to a chemist for an ex parte analysis; and that the court erred in overruling defendant’s objéction to the introduction in evidence of a fruit jar, containing some old newspapers and dirty rags which the state claimed were saturated with whisky mopped up from defendant’s car.
 

 Defendant’s contentions are untenable.
 

 The word “transport,” which is not defined in the statute, must-be given the meaning in which it is ordinarily understood. In its ordinary sense it signifies the carrying about from place to place.
 

 The statement per curiam shows that the chemist who had made the original analysis was employed by the defendant to make the analysis of the same whisky in his behalf, and that there was not the slightest suggestion arising from the testimony during the trial of the case that the ' analysis had amounted to a tampering with the evidence.
 

 In support of his action in overruling defendant’s objection to the introduction in evidence of the fruit jar and its contents, the trial judge states that the witness referred to was not shown to have been prejudiced against the accused; that he is and has been for many years a deputy sheriff of the parish, and that, acting for the sheriff, he had the whisky in his possession for some time; that “the evidence showed that the whisky was properly accounted for from the date of its procurement to the date of its admission in evidence on the second trial of the case, and there was not the slightest indication in the testimony adduced that the whisky had in any manner been tampered with.”'
 

 The assignment of errors was submitted without argument. We have, however, examined it, and find no basis for the points' therein made.
 

 Defendant assigns as error that the sentence exceeds the penalty fixed by the statute. Defendant was sentenced to serve
 
 *499
 
 60 clays in jail and to pay. a fine of $500, and, in default of payment of the fine, to serve 6 months additional in jail. The sentence is within the provisions of the legislative act. State v. Hebert, 158 La. 209, 103 So. 742.
 

 Defendant, assigns.as error that the “transportation clause” of the statute is unconstitutional because “transportation” is not described or defined therein. This is a reiteration of the issue raised under the bills of exceptions, and has been hereinabove passed upon adversely to defendant’s contention.
 

 Defendant assigns as error that the statute was never legally or constitutionally passed, because, as shown by the legislative journals, it was:
 

 (a) Passed by the House of Representatives on a national legal holiday, July 4, 1921.
 

 (b) Because the act was received by the Governor on that day.
 

 (c) Because same was never read three times in the Senate as constitutionally required.
 

 Since the legislative session of 1921 only began on September 6, 1921, it is manifestly impossible that the statute in question could have been passed by the House of Representatives and received by the Governor on July 4, 1921.
 

 The history of the legislation, as shown by the Senate journal of the legislative session of 1921, is as follows, viz.:
 

 September 13, introduced in the Senate; R. S. read a first and second time by title and referred to the joint judiciary committee, sections A and B; September 22, reported with amendments, R. S. amendments read and adopted, read by title, and ordered engrossed and passed to third reading, special order Wednesday, September 28; September 28, read in full and passed, yeas 22, nays IS, title adopted and ordered to the House; November 9, received from the House with amendments; November 10, amendments concurred in by vote of 31 yeas, 0 nays; November 11, enrolled, signed by the President Pro Tempore of the Senate, Speaker of the House, and sent to the Governor for executive approval. The statute was approved by the. Lieutenant' Governor and Acting Governor on November 16, 1921; on the same day notice of the executive approval was received by the Senate.
 

 It will therefore appear from the foregoing that the statute was constitutionally adopted. Const, art. 3, §§ 24, 25, and 26.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.
 

 O’NIELL, G. J., considers the sentence greater than the law allows, as explained in his dissenting opinion in State v. Hebert, 158 La. 209, 103 So. 742, but otherwise concurs.